## THE EAGLE AND PHENIX MANUFACTURING COMPANY *vs.* VAN LEONARD, trustee, for use.

[Crawford, Justice, did not preside in this case.]

1. A levy having been made on a dam and water power connected therewith, a claim interposed, a decision had thereon was not a bar to a subsequent levy on the bottom of the stream. The one case affected the dominant, the other the servient estate.
2. A *fi. fa.* having been levied on certain land forming the bottom of a stream, a claim interposed generally, and issue joined, it was not in question whether the claimant had an easement of water over the land or not.
   (*a.*) Whether, under a claim interposed by one who had formerly claimed the dominant estate and now claims the servient estate also, an equitable plea could be filed to define the respective estates and the rights attaching to them upon their sale? *Quære.*
3. A levy having been made on parts of certain lots, a claim interposed, and the property found subject, a judgment ordering the said parts of lots to be sold was not error. The reasonable intendment of such judgment was that whatever estate defendant had therein should be sold.

Claim. *Res Adjudicata.* Estates. Evidence. Easements. Judgments. Before Judge WILLIS. Chattahoochee Superior Court. November Adjourned Term, 1880.

A *fi. fa.* in favor of Van Leonard, trustee, proceeding for the use of Moses, was levied on parts of certain water lots extending into the Chattahoochee river adjacent to the city of Columbus, and the Eagle and Phenix Manufacturing Company interposed a claim thereto. The claimant also filed a plea of former recovery to the effect that a levy had previously been made on certain specified water lots and "also the dam across the Chattahoochee river, nearly opposite lot one of said survey, and the canal or raceway in front of said lots, and all the water power and right to control the water in front of the city of Columbus, as granted by the city of Columbus and state of Georgia, as fully as the same is held or controlled by the Water Lot

The Eagle and Phenix Manufacturing Co. *vs.* Van Leonard, trustee, for use.

Company of the city of Columbus, subject to the rights of the owners of the lots 1, 3, 11, 13 and 15, each to one-nineteenth part of the water controlled by said dam and canal, under divers deeds from the Water Lot Company of the city of Columbus. The whole levied upon as the property of the Water Lot Company of the city of Columbus, to satisfy said *fi. fa.;*" that the dam, canal and raceway extend across the lots now levied on; that they are covered by the water of the river; that the dam, etc., direct and control the water, and are essential appurtenances and parts of the water power and right to control the water; and that under such former levy they were found not subject; wherefore the present matter in controversy is *res adjudicata.*

The court rejected from evidence the judgment in that case, and claimant excepted.

(The general nature of this litigation is set out in 62 *Ga.,* 455.)

The court charged, among other things, as follows: "Under the pleadings in this case, the only question here is whether these lots levied upon are subject to this *fi. fa.,* and if they are, the question as to what has been or what has not been sold heretofore in reference to these lots— whether these water privileges have been sold heretofore, does not arise. The sheriff would sell only the title of defendant in execution, and the rights of the claimant would not be effected thereby."

The jury found the property subject. The judge thereupon entered up a judgment reciting the levy, claim and verdict, and adjudging that "plaintiff's *fi. fa.* proceed against such parts of lots (naming them) as are found subject by said verdict." Claimant excepted.

PEABODY & BRANNON, for plaintiff in error.

R. J. MOSES, for defendant.

The Eagle and Phenix Manufacturing Co. *vs.* Van Leonard, trustee, for use.

JACKSON, Chief Justice.

This court granted a new trial to the defendant in error in this case when here before, on the ground that the court erred in ruling that the title of the Eagle and Phenix Manufacturing Company, based upon the deeds through which it claimed this property, extended as a fee to the western shore of the Chattahoochee river; this court at the same time holding that the Eagle and Phenix Company possessed a *dominant easement* of the water power of the river, subject only to the *servient fee* in the Water Lot Company to the bed of the river, from the line described in the deeds near the Georgia side up to high water mark on the Alabama side of the river. Now the then defendant in error is plaintiff in error here, and complains that the court below committed error against it, the Eagle and Phenix Company, on the trial before the jury this time on three assignments:—First, in ruling out a former levy, claim, verdict and judgment offered in connection with and to sustain a plea of *res adjudicata;* secondly, in charging the jury that, " under the pleadings in this case, the only question here is whether these lots levied upon are subject to this *fi. fa.*, and if they are, the question as to what has been or what has not been sold heretofore in reference to these lots, whether water privileges have been sold heretofore, does not arise. That the sheriff would only sell the title of defendant in execution, and the rights of the claimant would not be affected thereby;" and, thirdly, in rendering the judgment set out in the record.

1. In the plea of *res adjudicata* it is alleged, substantially, that the water power connected with the lots, portions of which are now levied on and claimed, including the dam extending over them, was in issue before, and then adjudicated in favor of the Eagle and Phenix Company and against the claimant, and the levy, claim, verdict, and judgment thereon, were tendered in evidence.

The Eagle and Phenix Manufacturing Co. *vs.* Van Leonard, trustee, for use.

to show that fact. The description of the dam in the levy, it is insisted, does not show that it is the dam and water power alluded to in the claimant's plea; that another dam was then levied on and in issue on that trial, but that was an issue of fact, we think, if not plain in the record, for the jury to settle by *aliunde* parol proof. In such a case that sort of proof is admissible. 61 *Ga.*, 62.

But the entire interest of the Water Lot Company in these parts of lots now levied on, was not adjudicated and could not have been then adjudicated, because that entire interest was not then levied on and claimed and put in issue, but the only thing in these lots then in issue was the water power and the dam essential to its use. In support of a plea in bar of the plaintiff's right to proceed against the fee in these parts of lots, it is clear that this former judgment was not good, for the reason that the fee was not then in issue; and, in this light, it is equally clear, therefore, that there was no error in ruling out the evidence offered as not in point to bar the plaintiff's right to proceed against the servient fee, however small its money value. Only the dominant easement was then in issue and only that could have been then adjudicated.

2. So in regard to the second assignment of error, which attacks the charge of the court to the effect that under the pleadings in the present case, the water power easement, with all its appurtenances, did not arise and should not be considered.

The claimant in no plea takes issue that the entire property is not subject, and only a servient fee is, but it claims all itself; and issue was joined on the right and title of defendant in execution to these parts of lots, claimant asserting title to the whole fee. If, therefore, the plaintiff in execution had the right to proceed against the servient fee, as held by this court before, reported in 62 *Ga.*, 455, it did not matter how much that estate was servient to a dominant easement. Whoever bought that fee would buy it as encumbered with the easement. The

6v 7—42

The Eagle and Phenix Manufacturing Co. *vs.* Van Leonard, trustee, for use.

sheriff would sell only the interest which the defendant in execution had in the parts of lots levied on, and the purchaser would only take by his bid and deed that interest. No effort was made by the claimant to file an equitable plea to define in this case the respective rights and *quantum* of interest in this property of the defendant in *fi. fa.* and the claimant, so as to avoid future trouble and contests with purchasers of the different parts of the several lots levied on, if, indeed, such an equitable plea could have been maintained if it had been attempted and insisted on; but both sides joined issue on the levy and claim—subject or not subject; and the only plea in the record, outside of this issue of title and in bar of the plaintiff's right to proceed with the levy, is the claimant's plea of *res adjudicata*, which we have seen did not bar that right to proceed and sell whatever title the defendant had.

3. The third assignment of error is on the judgment. That simply follows the verdict, and adjudges that the plaintiff proceed and sell the lots, or parts of lots, rather, levied on—of course thereby only contemplating, what every judgment to sell a defendant's property means, that estate which the defendant has in the property—no more, no less. So construing and understanding it, we approve it, and cannot see how, under the pleadings and following the verdict, any other judgment could have been rendered.

Judgment affirmed.