78    265
d129    242

## LINTON *vs.* HARRIS.

1. A vendor, who gave bond for titles, took a note for the purchase
   money, received part payment, indorsed the note and put it in
   circulation, and then, whilst an action upon it by the holder
   against the maker was pending, took up the note and prosecuted
   the action for his own benefit, is bound by the judgment rendered
   in that action, although not a party on the record.

2. The defence set up to that action being that the consideration of the note, as to the unpaid balance, had failed because the title to a certain portion of the premises was not in the vendor, but in a third person, and therefore the vendor could not convey in compliance with his bond, and this defence having been fully litigated, and judgment rendered for the vendee, such judgment is conclusive upon the vendor in a subsequent action of ejectment brought by him against the vendee to recover this disputed portion of the premises, the sole question of title arising in the latter action being the same as that which was adjudicated in the former.

February 26, 1887.

Judgments.    *Res Adjudicata.*    Ejectment.    Before Judge Bower.    Worth Superior Court.    April Term, 1886.

To the action of ejectment brought by Linton against Harris, the defendant pleaded the former recovery, attaching to his plea the record of the case reported in 70 *Ga.* 831.    The case was submitted to the presiding judge without a jury.    He sustained the plea, and rendered a judgment for the defendant; and the plaintiff excepted.

R. Hobbs; D. A. Vason, for plaintiff in error.

D. H. Pope; G. J. Wright, for defendant.

Bleckley, Chief Justice.

Linton sold a plantation to Harris. It consisted of several lots of land. He made a bond for titles, and took a note for the purchase money. The note was endorsed by Linton and transferred to Hull. The greater part of the note was paid. Hull brought an action on the note against Harris to recover the balance. To that action Harris pleaded the want of title in Linton as to one lot of the tract of land embraced in the plantation. That litigation was pending for sometime, and Linton took back the note, but suffering the action to proceed in the name of Hull, the holder. The litigation was brought to an end while Linton held the note. He seems to have carried on the

suit in Hull's name for his benefit, and the result was that Harris obtained a verdict upon the plea that the consid- eration of the note had failed to the extent of the value of this one lot of land. That plea set up where the true title was, and why Linton could not comply with his bond as to that lot, and this was the matter litigated in that suit. The failure to collect the balance due upon the note was the result solely of deciding that controversy in favor of Harris, who set up an outstanding title in a third person, originating in a mortgage made by Linton, as a reason for not paying the note "in full." It appears probable that the title was litigated without making any question of his right to retain possession and still make the question. By waiver, or in some other way, the real question as to the better title was enter- tained, and was directly determined in favor of Harris. And it was this alone that defeated the action on the note. See *Harris vs. Hull,* 70 *Ga.* 831. Then Linton brought an action of ejectment against Harris for the lot of land, reasoning in this way; " He bought this land of me. He went into possession under a bond for titles from me. He is in possession now. He has been sued upon the note. He has defended that suit upon the ground that I did not have titles to this lot of land; he has paid nothing to me for the lot, and yet he holds it under me, having obtained possession under me. Therefore I will eject him. I will sue him upon my title, taking advan- tage of the rule that he cannot dispute it, he having en- tered into possession under me, and holding my bond for titles, and as he has not paid the purchase money, I must prevail in my action of ejectment." That looks rather striking and strong in favor of Mr. Linton; but although he was not a party on the record, he really conducted the litigation, and was trying to take the benefit of that liti- gation, and the judgment would bind him absolutely in any subsequent action on the note. Now, if it would bind him in another action on the note, we think he is bound

Linton *vs.* Harris.

anywhere and everywhere that he encounters Harris on that same question, even in an action of ejectment. If he wanted to urge the fact that Harris could not make the question because holding under him, he ought to have made this objection before the question of titles was adjudicated in the other action. The objection would have been as efficacious in the other action as in this, and if it was not waived in that action, it must have been adjudicated. Linton is therefore bound in both actions by the result of the litigation on this identical defence in the former action.

Applying the law, as we understand it, to the facts in the record, we conclude as follows:

1. A vendor, who gave bond for titles, took a note for the purchase money, received part payment, indorsed the note and put it in circulation, and then, whilst an action upon it by the holder against the maker was pending, took up the note and prosecuted the action for his own benefit, is bound by the judgment rendered in that action, although not a party on the record.

2. The defence set up to that action being that the consideration of the note, as to the unpaid balance, had failed because the title to a certain portion of the premises was not in the vendor, but in a third person, and therefore the vendor could not convey in compliance with his bond, and this defence having been fully litigated, and judgment rendered for the vendee, such judgment is conclusive upon the vendee in a subsequent action of ejectment brought by him against the vendee to recover this disputed portion of the premises, the sole question of title arising in the latter action being the same as that which was adjudicated in the former.

Judgment affirmed.