## TYLER *v.* CASS COUNTY.

ERROR TO THE SUPREME COURT OF THE STATE OF NORTH DAKOTA.

No. 1320. Submitted November 23, 1891. — Decided January 4, 1892.

The Northern Pacific Railroad Company sold to a purchaser a tract included in the original grant to it which had never been patented, and on which the costs of survey had never been paid. The tract was sold for non-payment of taxes while Dakota was a territory, and the purchaser paid therefor. The Supreme Court of North Dakota held that the land was not taxable when the tax was levied and assessed, and that nothing passed by the sale. The purchaser brought this action in the state court of North Dakota to recover back the purchase-money paid at the tax sale. A judgment in plaintiff's favor was reversed by the Supreme Court of the State, no question being made as to the regularity of the tax sale and proceedings. *Held,* that the exemption of the land from taxation having been recognized by the state court, no Federal question was involved, and the writ of error must be dismissed.

MOTION to dismiss. The court stated the case as follows:

Plaintiff presented a claim to the board of county commissioners of Cass County, Dakota Territory, to recover moneys paid by him as the purchase price of certain lands sold by the county treasurer for delinquent taxes at a tax sale in 1885. The claim was rejected and plaintiff appealed to the District Court of Cass County, where the cause was tried upon an agreed statement of facts without a jury, and resulted in a judgment in favor of the plaintiff. The defendant preserved proper exceptions to the rulings and action of the court, and carried the case by appeal to the Supreme Court of the Territory.

After the admission of North Dakota as a State, the appeal was heard and decided by the State Supreme Court, which had succeeded to the jurisdiction of the Territorial Supreme Court. The opinion will be found reported, in advance of the official series, in 48 N. W. Rep. 232. The judgment below was reversed with instructions to dismiss the case, and thereupon a writ of error was taken out from this court.

Counsel agree that the facts appearing of record are substantially as follows : That the lands in question were part of the original grant by the United States to the Northern Pacific Railroad Company ; that the company had, prior to the levy and tax sale, disposed of said lands to private parties by deeds and contracts, and such parties were in possession; that no patents had been issued ; that the company earned the lands after the passage of the act of Congress, approved July 15, 1870, in regard to payment of the cost of surveying ; that they were surveyed at the expense of the United States government, after the date of the act, and no part of the cost and expense of the survey had been repaid by the company to the United States; that in 1884 and prior thereto, the taxing officers of Cass County assessed the lands and levied taxes thereon, which remained unpaid October 6, 1885, on which date the treasurer of the county proceeded to sell them for delinquent taxes, and plaintiff became the purchaser; and it was to recover the purchase money so paid that the action was brought. No question is made as to the regularity of the tax sale, or the proceedings leading thereto.

*Mr. John F. Dillon* and *Mr. Harry Hubbard* for the motion.

*Mr. William H. Francis* (with whom was *Mr. Seth Newman* on the brief) opposing.

The authority sought to be exercised by the assessor is contrary to the laws of the Territory, which provide that "the property of the United States" " shall be exempt from taxation." Nowhere is any authority given to the assessor to assess non-taxable lands, and his action was an exercise of authority in direct violation of its statutes. The Federal question is: Were the lands attempted to be assessed, when the assessor had no jurisdiction *by reason of their immunity from taxation under the Constitution and laws of the United States?* This question was raised below and was decided against such immunity. That is sufficient to give this court jurisdiction. *The Banks v.*

*The Mayor*, 7 Wall. 16. It was raised at the proper time and in the proper manner. *Detroit City Railway* v. *Guthard*, 114 U. S. 133.

Mr. Chief Justice Fuller, after stating the case, delivered the opinion of the court.

This case comes before us on motion to dismiss the writ of error.

The question arising for determination in the state court was whether the money which had been paid by the purchaser of the lands at the tax sale could be recovered back either at common law or under the Dakota statute in that behalf. The ground upon which the tax title was held to have failed was that the United States had a lien upon the lands, and that, therefore, they could not, under the laws of the United States, be sold for taxes, but that fact did not impress with a Federal character the inquiry as to the right of recovery.

It is earnestly urged that the lands were "a part of the public domain of the United States," and, as no tax could therefore be imposed thereon, that they were not within the jurisdiction of the Territory of Dakota or its taxing officers for the purpose of assessment and taxation; that this was an immunity under the Constitution and laws of the United States, which was specially set up and claimed by appellant; and that the decision of the state court was against such immunity. But the Supreme Court of North Dakota held, that in view of the decision of this court in *Northern Pacific Railroad* v. *Traill County*, 115 U. S. 600, the lands were not taxable at the time the taxes were assessed and levied, and that nothing passed by the sale. The exemption of the lands from taxation was, in other words, fully recognized and allowed.

Plaintiff in error insists that although, in the absence of statute the purchaser of a defective title at a tax sale cannot recover back the money paid, yet there is an exception to this rule where there is no jurisdiction whatever to impose the tax, and that this case comes within that exception, because the assessor had no jurisdiction to decide whether the lands in

question were or were not taxable. And he contends that the Supreme Court of North Dakota decided against the right of recovery at common law, not upon the ground that such recovery could not be had even where there was an absolute want of jurisdiction, but upon the ground that if the assessor, in good faith and relying upon the record as it appeared to him, assessed the lands against private parties in possession, though they in fact belonged to the United States, such act would not be without jurisdiction, although the assessment could not be sustained. Hence it is argued that the court decided against the immunity from the jurisdiction of the assessor.

Since, however, it was because the exemption was sustained that the purchaser at the tax sale brought this action, the reasoning of the state court cannot be availed of by him as a denial of an immunity to which he was entitled. It was the assessor's duty under the Dakota statutes to return a tax list including all the lands that were taxable, and in doing so he passed upon the question whether they were or were not taxable, and if he put upon the list lands that were exempt, and those lands were sold for taxes, whether the purchase money could be recovered back was, irrespective of the statute, purely a common law question which was not changed by the fact that the exemption arose under the laws of the United States. As between the plaintiff and the county, it was for the state court to decide whether a recovery could be had, and that decision embraced no direct ruling upon a Federal question adverse to the plaintiff, even though it were based upon the ground that the assessor had jurisdiction to the extent stated.

In *Williams* v. *Weaver*, 100 U. S. 547, the plaintiff sought to hold the defendants individually liable for the sum which he was compelled to pay as taxes on his shares of national bank stock, by reason of the wrongful assessment thereof for the year 1874, made by them in their official character as the board of assessors of the city of Albany; and Mr. Justice Miller, delivering the opinion of the court, said: "The Court of Appeals, in its opinion, conceding the assessment to be in many respects erroneous and to the prejudice of plaintiff, holds that, in the absence of fraud or intentional wrong, the

defendants were not personally liable in damages for any error in the assessment. Whether that court decided that question correctly or not, it is not a Federal question, but one of general municipal law, to be governed either by the common law or the statute law of the State. In either case it presents no question on which this court is authorized to review the judgment of a state court. That decision is also conclusive of the whole case. If the defendants, in assessing property for taxation, incur no personal liability for any error they may commit, the fact that the error consisted in a misconstruction of an act of Congress can make no difference. An officer whose duty personally, as the Court of Appeals of New York holds, is mainly judicial, is no more liable for a mistaken construction of an act of Congress than he would be for mistaking the common law or a state statute."

In *The Banks* v. *The Mayor*, 7 Wall. 16, cited and relied on by plaintiff in error, an act of the New York legislature authorized the issue of bonds by way of refunding to banks such portions of a tax as had been assessed on Federal securities exempted by the Constitution and statutes of the United States from taxation, and the officers who were empowered to issue the obligations refused to sign them, because, as they alleged, a portion of the securities for the tax on which the banks claimed reimbursement was, in law, not exempt, and the highest court of the State sanctioned this refusal. There, the decision by the State court was against the exemption claimed, and it was held that this was a decision against a right, privilege or immunity claimed under the Constitution or a statute of the United States, and that, therefore, this court had jurisdiction.

In the case at bar, as we have said, the lands were held to be not taxable, and the question of the jurisdiction of the assessor, in the first instance, in making the assessment, was not so resolved as to deny the exemption. We do not understand it to be contended that, so far as the decision of the state court rested upon the construction of the statute, any Federal question was involved.

*The writ of error is dismissed.*