Schmidt v. Louisville, Cincinnati & Lexington Railway Co.

(CASE 24—PETITION EQUITY—APRIL 4.

# Schmidt v. Louisville, Cincinnati & Lexington Railway Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. JUDGMENT—PARTIES TO ACTION.—Where one takes charge of the defense to an action, controls it, employs counsel, produces evidence, and pays the expenses of the nominal defendant to the suit, he is bound by the judgment in the action, although the record does not show him to be a party thereto.
2. PRACTICE.—In such a case, the proper method of enforcing the judgment against such an one who is not a party of record to the suit, would be to institute a separate suit setting up these facts, or by rule in the original suit, based upon an affidavit containing the facts.

SIMRALL, BODLEY & DOOLAN AND PIRTLE & TRABUE FOR APPELLANTS.

1. The order of the lower court refusing to permit appellants' amended petition seeking to make the L. & N. R. Co. a party defendant to the action, was a final order from which an appeal may be prosecuted.    (Berry v. Hamilton, 1 Bush, 361, 91 Ky., 258.)
2. A lien created by mortgage on earnings may be enforced in the

Schmidt v. Louisville, Cincinnati & Lexington Railway Co.

hands of the mortgagor's vendee. (Rutten v. U. P. R. Co., 17 Fed. Rep., 480.)

3. Where a person actually interested in the subject-matter (*a fortiori* where he is the only person interested), prosecutes or defends an action in the name of another, exercising control, introducing witnesses, employing counsel, and doing those things which a party to an action does, he is bound by the judgment, *although never appearing of record.* (Freeman on Judgments, sec. 174; Bennett v. Wilmington Star Mining Co., 18 Ill. App., 17; Cole v. Favorite, 69 Ill., 457; Estell v. Peacock, 48 Mich., 471; Valentine v. Mahoney, 37 Cal.; Stoddart v. Thompson, 31 Ia.; Landes v. Hamilton, 77 Mo.; Wood v. Ensel, 63 Mo., 193; Linton v. Harris, 78 Ga., 265; 74 Wis., 474; Claflin v. Fletcher, 7 Fed. Rep., 851; Eagle Co. v. David Bradley Co., 50 Fed. Rep.,193; Same v. Same, 57 Fed. Rep., 981; Amer. Bell Tel. Co. v. Nat., &c., Tel. Co., 27 Fed. Rep., 666; Lovejoy v. Murray, 3 Wall., 1; Robbins v. Chicago, 4 Wall., 657; Warfield v. Davis, 14 B. Mon., 41; L. & N. R. Co. v. Hall, 12 Bush; Heckman's Adm'r v. L. & N. R. Co., 85 Ky., 631.)

HELM & BRUCE FOR APPELLEES.

1. As against the L., C. & L. Ry. Co. no right of appeal lies, because appellant already has his judgment against it, and the same has been affirmed by this court, and is at an end. (Meadows v. Goff, 90 Ky., 541; Brown v. Vancleave, 86 Ky., 381.)

2. A new party can not be brought into a suit except by a pleading, and since the pleading was not filed, it is obvious that the L. & N. R. Co. is no party to the record, and can not be made so by the clerk issuing process against it.

3. This is not a case where one party, the real party in interest, defends the suit in the name of another. The fact that the suit was defended by counsel who represent the L. & N. R. Co., and the fact that the same man was president of both companies, should not operate to bind by a judgment one who was not a party to the suit in which it was rendered.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellant, Schmidt, over ten years ago, as trustee under the mortgage executed by the northern division of the Cumberland & Ohio Railroad Co., brought suit against the Louisville, Cincinnati & Lexington Railway Co. upon a

contract of lease between the Cumberland & Ohio Railroad Co. and the Louisville, Cincinnati & Lexington Railway Co., whereby the former company leased its railroad to the latter for thirty years, and the latter company, in the event that the net earnings of the leased road were insufficient to pay the interest and provide a sinking fund for the payment of the mortgage bonds issued by the Cumberland & Ohio Railroad Co., undertook to supply the deficiency by applying to the purpose so much as might be necessary of the net earnings of its own lines, earned from business coming to it from or over the lines of the Cumberland & Ohio Railroad Co.

The facts of the case are fully stated in the opinion of this court upon the former appeal by Schmidt, trustee, against Louisville, Cincinnati and Lexington Railway Co., reported in 95 Kentucky, 289, but by some mistake, entitled in the report "Schmidt, trustee v. Louisville & Nashville Railroad Co." For the facts up to the date of the former appeal it is unnecessary to do more than refer to that opinion.

After the reversal of the case on that appeal an order was duly entered in accordance with the opinion, requiring the Louisville, Cincinnati & Lexington Railway Co. to pay into court the sum of $53,565.62, with interest, on or before June 11, 1894, and a rule was awarded against the company to pay in that sum and interest. To this rule the company filed a response, stating "that in 1881 it sold and conveyed for a consideration paid at the time, all its property, rights, privileges and franchises, except the mere franchise to exist, and that it distributed the proceeds of such sale among its various stockholders, and since said time it has had no property, assets or funds of any kind with which to comply

with the order of this court, and it is, therefore, unable to pay said sum, or any other sum, for the simple reason that it has no property or assets with which to do it."

Another rule was awarded against the company to report the amount of its net earnings on business coming to it from or over the Cumberland & Ohio railroad since the date of the last net earnings reported by the commissioner's report, which was confirmed in accordance with the opinion of this court on the former appeal. In response to this rule the company said that "it has not made any net earnings, or earnings of any kind, since the date aforesaid (the time of the net earnings reported in report "R. E. S. No. 2"), on business coming to it from or over the Cumberland & Ohio road, nor has it made earnings of any kind since it does not own any railroad or property of any character whatever, and has not since the date aforesaid."

Motions to strike these responses from the files and to make them more specific were overruled. Thereupon the plaintiff filed a reply to the responses, denying the statements contained in them and averring that the Louisville, Cincinnati & Lexington Railway Co. had never made any legal or other sale of its railroad or property, and that the road had been continuously operated in the name of said defendant. Subsequently the plaintiff asked leave to withdraw the reply to the responses of the Louisville, Cincinnati & Lexington Railway Co., and moved to file an amended and supplemental petition making the Louisville & Nashville Railroad Co. a party defendant.

The amendment tendered sets out the execution and terms of the lease, contract and mortgage relied on in the previous litigation, avers default in the payment of interest on the bonds in 1886 and subsequently, and charges that net earn-

ings of the Cumberland & Ohio Railroad came into the hands of the Louisville, Cincinnati & Lexington Railway Co., which were not applied to the payment of interest, and that all the sources of the Cumberland & Ohio Railroad for raising money having failed to provide sufficient funds to pay interest on the bonds, it was necessary to appropriate to that purpose the net earnings of the Louisville, Cincinnati & Lexington Railway Co. arising out of business coming to it from or over the lines of the Cumberland & Ohio.

It further alleges that in November, 1881, after the execution of the lease and mortgage, and with actual notice and knowledge of the provisions thereof, the Louisville & Nashville Railroad Co. bought the property, road and franchise to operate same of the Louisville, Cincinnati & Lexington Railway Co., and received a deed therefor, which was duly recorded; that by that deed the lease of the Cumberland & Ohio was assigned and transferred to the Louisville & Nashville Railroad Co., and the latter company accepted the transfer and assumed the obligations thereof; that having theretofore purchased the capital stock of the Louisville, Cincinnati & Lexington Railway Co. the Louisville & Nashville Railroad Co. took and kept the whole purchase price of the road, and has since had possession of the roads of both the Cumberland & Ohio and Louisville, Cincinnati & Lexington companies; has operated them and taken the earnings; has made the earnings shown in this case and ascertained in the judgments, which were described therein as the earnings of the Louisville, Cincinnati & Lexington Railway Co., that the Louisville & Nashville Co., not only knew the provisions of the lease and mortgage, but actually applied net earnings of the Louisville, Cincinnati & Lexington road in acccordance therewith

until April, 1883, and knew that the earnings referred to were made on the operations of the roads of the Cumberland & Ohio and Louisville, Cincinnati & Lexington companies; that the Louisville & Nashville Co. filed an answer herein in the name of the Louisville, Cincinnati & Lexington Co., employed counsel to make defense, and has controlled the defense in this case from the time of service of process. The amendment further avers that until the responses to the rules herein were filed the plaintiffs did not know of the control by the Louisville & Nashville Co. over the roads of the other two companies, and that it was plaintiffs' intention in bringing this suit to sue the company or companies operating these roads, and which had made the earnings referred to.

The prayer is that the Louisville & Nashville Railroad Co. be made a party defendant for judgment against it, for the subjection of the earnings made on these roads, in accordance with the terms of the lease and mortgage, to the payment of the mortgage debt, and inasmuch as the Louisville & Nashville Railroad Co. has made the defense in this suit, and after judgment has attempted to thwart the collection thereof, that a receiver be appointed to take charge of and operate the properties acquired by the sale, and to apply the earnings according to the judgment of this court.

The motions to withdraw the reply to the responses and to file this amendment were overruled by the lower court, and from that judgment this appeal has been taken.

It is earnestly contended by counsel for appellants that the rule laid down in Heckman v. Louisville & Nashville Railroad Co., 85 Ky., 638, following and amplifying the doctrine announced in Louisville & Nashville Railroad Co. v. Hall, 12 Bush, 131, applies to this case and is decisive .

of it.  Appellants claim that the Louisville & Nashville Railroad Co. was the real defendant in this case, made the defense in the name of the Louisville, Cincinnati & Lexington Railway Co., and is bound by the judgment.

This appeal, therefore, presents two questions for decision.  First, whether, upon the facts alleged in the amended petition and disclosed by the record, the Louisville & Nashville Railroad Co., is bound by the judgment herein to the extent that it received the net profits accruing from the lines of the Louisville, Cincinnati & Lexington Railway Co. out of business coming to it from or over the Cumberland & Ohio; and, second, if so, whether the proper procedure has been adopted to subject these earnings to the appellants' claim.

Upon the first question there is  little difficulty.  Assuming the statements of the amended petition to be true (and for the purposes of this appeal we must so presume), together with the facts disclosed by the record, it appears that the Louisville, Cincinnati & Lexington Co. had no railroad, property or means to conduct a defense; that it had only the franchise to exist, and that the Louisville & Nashville Railroad Co., by its officers and agents, took charge of the defense of this case, controlled it, employed counsel, produced evidence, and paid the expenses of the nominal defendant in the suit.  The record discloses that Mr. R. E. Sewell, who made the report upon which the judgment was based, made affidavit "that as the auditor of the Louisville & Nashville Railroad Co., he superintends all work of a similar kind of the Louisville, Cincinnati & Lexington Railway Co., defendant herein, and all like statements rendered herein heretofore by said defendant have been made under his superintendency."

Numerous reports were filed in response to rules taken against the Louisville, Cincinnati & Lexington Railway Co. by the officials, who were also officials of the Louisville & Nashville Railroad Co., stating earnings as having accrued to the Louisville, Cincinnati & Lexington Railway Co. from business coming to it from or over the lines of the Cumberland & Ohio.

In our opinion the law is well settled that if the statements of the amendment tendered are true the Louisville & Nashville Railroad Co. is bound by the judgment against the Louisville, Cincinnati & Lexington Railway Co., and in any litigation between the Louisville & Nashville Co. and the plaintiffs in this suit the record of this suit might be introduced, with evidence showing the truth of the averments of the amended petition.

In the case of Louisville & Nashville Railroad Co. v. Hall the company was sued by the wrong name, and it was held that, as the company failed to plead further and failed to disclose its true corporate name, it could not complain that the judgment was rendered against it in the name by which it had been sued.

In the case of Heckman v. Louisville & Nashville Railroad Co., 85 Ky., 638, a suit was brought against the Louisville, Cincinnati & Lexington Railway Co. for an injury which was inflicted by the Louisville & Nashville Railroad Co. After a period of more than one year from the date of the injury an amended petition was filed, stating that by mistake the defendant was styled the Louisville, Cincinnati & Lexington Railway Co., when it should and was intended to be the Louisville & Nashville Railroad Co., which was the correct name of the defendant sued and intended to be sued in the action, and praying that the defendant be

required to defend by its correct name of the Louisville &
Nashville Railroad Co., and for judgment against it.

In that case the court held that the Louisville & Nashville
Railroad Co. had entered its appearance and made defense
to the action within one year from the date of the injury,
and therefore the statute of limitation could not apply,
though, in fact, the only answer filed up to that time was
in the name of the Louisville, Cincinnati & Lexington Rail-
way Co.

The court in that case said: "In our opinion, not only
according to unvarying authority on the subject, but on the
principle of estoppel and common fairness, when a party
enters his appearance and makes his defense to an action
he can not afterward complain of the judgment that may
be rendered against him upon the ground that he was sued
by the wrong name, or what is practically the same thing,
that the name of a different person was inserted in the
caption of the petition and in the summons; and it, therefore,
necessarily follows that the action must be regarded as
commenced and actually pending against him, at least from
the time he so enters his appearance, if not from the time
he is served with the summons."

In the case of Eagle, &c., Co. v. Bradley, &c., Co., 50
Federal Rep., 193, suit was brought for an infringement
of a patent, not against the firm which manufactured the
articles, but against a branch of that firm. The firm which
manufactured the articles conducted the defense and was
defeated, and the decree in that case was held binding upon
the firm which conducted the defense. Judge Blodgett,
in delivering the opinion, cited Robbins v. Chicago, 4 Wal-
lace, 657; Claflin v. Fletcher, 7 Federal Rep., 851, and said:
"The conclusive effect of judgments respecting the same

cause of action and between the same parties rests upon the just and expedient axiom that it is for the interest of the community that a limit should be opposed to the continuance of litigation, and that the same cause of action should not be brought twice to a final determination. . . . Parties in that connection include all who are directly interested in the subject-matter, and who had a right to make a defense, control the proceedings, examine and cross examine witnesses, and appeal from the judgment. And this same rule is restated and followed in numerous cases, among which are Beloit v. Morgan, 7 Wall., 619; Miller v. Liggett, &c., Co., 7 Federal Rep., 91; Claflin v. Fletcher, *Id.* 851; American Bell Tel. Co. v. National Imp. Tel. Co., 27 Federal Rep., 666; Morse v. Knapp, 37 Federal Rep., 352; Lea v. Deakin, 11 Biss., 23; 13 Federal Rep., 514; Wilson's executors v. Deen, 121 U. S., 525; 7 Sup. Ct. Rep., 1004.

"The proof in this case shows beyond doubt that the defendant in this case, with the consent of the defendants in the Iowa case made itself the *dominus litis* in that case; it controlled the defense; appeared by its own attorneys; it was the manufacturer of the plows in which the alleged infringement was found, and may, I think, with entire propriety be held to be bound, not only upon all questions which were raised and determined in the former case. but upon all which might have been raised and determined in that case. The Hague patent itself was considered by the Iowa court, and not held to be an anticipation or protection as against the complainant's patents. The defendants may, I think, be considered as bound, but all which it could have appropriately put into the record in that case, including the testimony, which it is claimed would carry the Hague invention back of the Wright invention.

"I am, therefore, of opinion that all the defenses which are urged here have been anticipated and are cut off by the decree in the Iowa case. A decree will, therefore, be entered, finding that the defendant infringed as charged, and for an injunction and accounting."

The judgment in that case was affirmed by the Court of Appeals, 7th Circuit, 57 Federal Rep., 981.

The court said: "The suit in the Circuit Court of the United States for the southern district of Iowa was brought to restrain the infringement of the same claims of the same patent here in question. The defendant there was the agent of the present appellant in the sale of the infringing machines. The defense of the suit there was assumed and prosecuted by the appellant here. The appellant was, in fact, the real party to that litigation, and, so far as the decree there is *res adjudicata*, is as effectively concluded thereby as if it were the actual defendant to the record. (Lovejoy v. Murray, 3 Wall., 1, 18, 19; Robbins v. Chicago, 4 Wall., 657, 672.)"

In Landes v. Hamilton, 77 Mo., 565, the court said: "It is not always essential to the creation of an estoppel that the person should be a party to the record, but one who thus instigates and promotes the litigation for his benefit by employing counsel, binding himself for costs and damages, will be bound by the litigation or procedure as much as the party to the record."

In Estell v. Peacock, 48 Mich., 471, an action was instituted on a note given plaintiff by defendant for logs. A stranger, who had licensed plaintiff to cut logs, but had undertaken to revoke the license before plaintiff sold the logs and accepted the note, notified the defendant not to pay plaintiff the amount of the note, whereupon defendant

permitted the stranger to defend the action in defendant's name. It was held, Judge Cooley delivering the opinion, that the stranger was bound by the judgment, although not a party.

In Bennett v. Wilmington Star Mining Co., 18, Ill. App., 17, the court citing Cole v. Favorite, 69 Ill., 457, announced the principle: "Persons on whose behalf and under whose direction the suit is prosecuted or defended in the name of some other person fall within this category, and in such cases parol evidence is admissible to show who are the real parties in interest, and that they conducted the litigation in the name of other parties."

In Valentine v. Mahoney, 37 Cal., 389, plaintiff brought suit in ejectment. Defendant introduced the record of a suit between himself and the tenant of plaintiff's grantor, in which the grantor, being the landlord, defended the suit in the tenant's name. It was held that the landlord, plaintiff's grantor, was bound by the judgment in the suit between the tenant and the present defendant, although not a party, because he conducted the defense, and that the plaintiff took subject to the infirmities of his grantor's title.

The court, holding the record admissible, said: "Would it not be an anomaly in practice to permit a person, after defending an action upon a particular issue, and immediately thereafter, to litigate the same matter in another action with the same adversary in total disregard of the judgment in the former action? The judgment is conclusive, both upon the landlord and tenant, in the subsequent action between them, involving the issue of eviction of the tenant by virtue of the judgment."

In Stoddart v. Thompson, 31 Iowa, 801, the court said: "One who, though not a party, defends or prosecutes an

action by employing counsel, paying costs, and doing those things which are usually done by a party, will be bound by the judgment rendered therein."

To the same effect see also Palmer v. Hayes, 112 Ind., 292; Wood v. Ensel, 63 Mo., 193; Strong v. Phoenix Ins. Co., 62 Mo., 289; Cole v. Favorite, 69 Ill., 457; Linton v. Harris, 78 Ga., 265; Lovejoy v. Murray, 3 Wall., 1; Warfield v. Davis, 14 B. M. 41, Freeman on Judgments, sections 174 and 175.

Upon the second question, whether the procedure adopted is correct, appellee's counsel rely principally upon the cases of Brown v. Vancleave, 86 Ky., 381, and Meadows v. Goff, 90 Ky., 541.

In the former case the actual question decided was that after a judgment in favor of the plaintiff, and the receipt by him of the amount of the judgment in satisfaction thereof, his demand was satisfied and his right to appeal barred.

In the latter case this court held that after a final judgment settling a controversy between two litigants it was too late for a third person to file a petition to be made a party to the suit and set up a claim to the property in controversy.

Neither of these cases seem to apply directly to the case at bar. But we are of opinion that after the appeal and judgment in this case it would be too late to bring into this litigation one who was neither a party to the record nor bound by the judgment. In our view the facts stated in the amended petition did not give the appellants the right to file a petition making the Louisville & Nashville Railroad Co. a party defendant to this litigation, for upon the theory of that amendment, and considering the facts therein stated to be true, that company was already a party defendant and bound by the judgment. The proper pro-

·cedure, therefore, would have been either to institute a separate suit against the Louisville & Nashville Railroad Co., setting up the record in this suit and the facts connecting that company with this litigation, or to proceed against the Louisville & Nashville Railroad Co. in this suit by rule based upon an affidavit, stating the facts set out in the amendment.

Proceedings in this litigation were not ended by the judgment rendered after the last appeal. Undoubtedly the appellants could not only take steps to enforce the satisfaction of the judgment then rendered, but they could proceed to subject net earnings accruing to the Louisville, Cincinnati & Lexington Railway Co. (if that company had been the real defendant), since the last net earnings reported before the report "R. E. S. No. 2" was made. So, too, they may, in our judgment, proceed in this litigation to subject those earnings in the hands of the Louisville & Nashville Railroad Co., if it be, as alleged in the amended petition, the real party defendant in this suit. (Wiggins Co. v. O. & M. Ry. Co., 142 U. S., 292.)

This question, while not strictly before the court upon this appeal, has been considered and decided to the end of preventing needless litigation.

Wherefore, the judgment is affirmed.

The Court delivered the following response to a petition for modification, June 17, 1896:

The petition for modification has been carefully considered, and while it is true that the appellee, the Louisville, Cincinnati & Lexington Railway Co., has no interest in the matters in regard to which a modification of the opinion is sought by it, it is perhaps also true that the opinion went too far in stating that questions were *decided* which were

not strictly before the court upon the appeal.   It has been
the custom of courts, since opinions were written, to state
the existence of a remedy which was not sought as a reason
for denying the remedy which was sought.   In thousands
of cases it has been stated that the relief sought in equity
was denied because an adequate remedy at law existed.
This, however, is universally considered, and properly so,
to be stated *arguendo*, and the opinion in this case should
have been confined in that respect to stating, as argument,
that the Louisville & Nashville Railroad Co. was bound
by the judgment, if the matters stated in the tendered
amended petition were true, and without indicating the
exact course of procedure to be adopted.   To the extent
herein indicated the opinion is modified.