## KELLY & JONES COMPANY *v.* MOORE.

1. There was no error in allowing the amendment offered by the plaintiff to be filed and proved.
2. An employee brought suit to recover installments of salary for the period of three months, alleging that the contract of employment was for a year, the salary being payable monthly, and that he had been wrongfully discharged before the end of the year. The defendant had notice that this suit was pending against him, and allowed a judgment to be taken therein by default. Subsequently the plaintiff instituted the present action to recover the salary for the other months of the year. *Held,* that the defendant was concluded in the second action as to all matters which the court must necessarily have adjudicated in the former case in order to reach the judgment there rendered.
3. The defendant was concluded as to the matters pleaded by him in his answer to the second action, and the court did not err in refusing to allow them to be proved.
4. The evidence demanded the verdict; and the other errors complained of, if errors at all, were harmless.

Submitted February 21,—Decided July 12, 1907.

Complaint. Before Judge Pendleton. Fulton superior court. July 2, 1906.

*C. D. Maddox* and *R. R. Arnold,* for plaintiff in error.

*Culberson & Johnson,* contra.

BECK, J. Moore, the plaintiff in the court below, filed a declaration in attachment against the Kelly & Jones Company, a nonresident corporation, to recover $1,000, alleged to be due plaintiff by defendant as salary. The plaintiff alleges, that he was employed by the defendant as sales agent for the period of one year, begin-

ning February 12, 1898; that he was wrongfully discharged during the following month of May; that he.has.heretofore obtained a judgment against the defendant for the salary due him from the time he was wrongfully discharged until September 12, 1898, and he brings this action to recover the amount of salary due him under said contract from September 12, 1898, to February 12, 1899. To this petition the defendant filed an answer alleging that there was a written contract between the plaintiff and defendant, under the terms of which defendant claimed that it had the right to discharge plaintiff before the end of the year, and that plaintiff's discharge was lawful; wherefore defendant denied being indebted to plaintiff in any amount whatever. After the filing of this answer, the plaintiff offered to amend his petition by alleging that the matters set up in defendant's answer had been adjudicated in a former case in the city court of Atlanta, in which case the plaintiff had recovered the part of the salary alleged to be due him by the defendant up to the 12th day of September 1898. The defendant objected to the allowance of this amendment, and also objected to the admission of the former judgment, upon certain grounds which will be noted in detail. The petition in the former case in the city court, after setting out certain letters that had passed between plaintiff and defendant, alleged that "in consequence of said correspondence, and in compliance with its terms, petitioner agreed to represent defendant as sales agent in the territory covered by the States of Louisiana, Mississippi, Alabama, Tennessee, Georgia, Florida, North Carolina, South Carolina, and Virginia, for one year from February 12th, 1898, at a salary payable monthly of $200 per month." The petition in the present case sets out substantially the same correspondence between the parties, and alleges that "shortly thereafter the Kelly & Jones Co. wired petitioner to come to Pittsburg, which petitioner did, . . when defendant renewed his proposition to employ petitioner as sales agent for [the States above mentioned] for one year at a salary payable monthly at the rate of $200 per month, beginning from February 12th, 1898," which proposition petitioner accepted. It requires no argument to show that the suit in the city court and the case at bar were upon the same contract of employment; and that there is no merit in the contention of the plaintiff in error, that the former suit "was based upon a different contract alleged

to have been in writing, while in the present case that contract was a verbal one, and is claimed to have been made in a personal interview."

Another objection urged by the defendant to the allowance of the said amendment was that it "set forth a new cause of action." Clearly this contention has no foundation in fact. The amendment set forth no cause of action at all. The judgment from the city court, which was set up in the amendment, could not operate as the basis of any further demand against the defendant; its only effect could be to estop the defendant from setting up any matter of defense in the present case that was adjudicated in the former suit.

But defendant further contends that "the judgment in said city court was a default judgment; that there were no issues made therein, and no plea filed by the defendant, while in the present case issues were made and a plea filed on various grounds; . . that the two suits made different issues, and that the judgment in the city court could not work an estoppel against defendant in the present case." In said former case in the city court, the plaintiff, Moore, sued out an attachment against the Kelly & Jones Co., and a summons of garnishment was duly issued and served on the garnishee. The defendant dissolved the garnishment by giving bond and security as provided by the code, and name of counsel was marked on the docket of the city court as representing the defendant. But owing to a misunderstanding between defendant and counsel, no answer or plea was filed; and when the case was called for trial, the plaintiff submitted evidence to sustain his case, and a verdict was rendered in his favor. The defendant filed a written motion to set aside the judgment entered upon said verdict, one of the several grounds of the motion being that there was an agreement between the parties in writing, and the writing was kept concealed and not exhibited to the court and jury trying the case; and by so doing the plaintiff made it appear that he had a just cause, when in fact he had no right of recovery. And this court held that the defendant was concluded by the judgment on this question, and could not reopen the proceedings. Mr. Justice Little, in delivering the opinion of the court, said: "The defendant in attachment acquired notice of the pendency of the suit, and sent one of its officers to the City of Atlanta, where the attach-

ment proceedings were pending, and dissolved the garnishment. The effect of this act was equivalent to a personal service on it [the defendant]." *Moore* v. *Kelly & Jones Co., 109 Ga.* 798.

As we have seen above, these two suits were between the same parties and upon the same contract of employment, the former being a suit to recover the salary due the plaintiff under said contract from June 12, 1898, to September 12, and the latter (the present case) to recover the balance of said salary from September 12 to February 12 of the following year. No issues were made, or sought to be made, in the second case which could not have been made on the trial of the first. The fact that there was a written contract between the parties, which settled their rights favorably to the defendant, if there was such a contract, was a fact known to the defendant before the first trial. The defendant had notice of that suit, and could have availed himself of this defense at that time. But this he failed to do, and the court adjudicated those issues in favor of the plaintiff. In entering the default judgment, the court was necessarily bound to find and hold that the plaintiff had a contract with the defendant as set out in his petition, that this contract was for a year, and that plaintiff had been wrongfully discharged before the end of that year, and was entitled to recover the balance of the salary up to the time of bringing suit. No other issues were presented in the trial of the second case, which was for the salary that had accrued from the time of the bringing of the first suit until the end of the period contracted for. "It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Any conclusion which the court or jury must evidently have arrived at in order to reach the judgment or verdict rendered will be fully concluded." 24 Am. & Eng. Enc. Law (2d ed.), 766; *Callaway* v. *Irvin,* 123 *Ga.* 344. In the present case, the question as to whether or not there was a contract in writing between the parties, as defendant contends, under the terms of which the plaintiff could be lawfully discharged, and all other questions touching plaintiff's right of action against the defendant, were material, issuable facts, clearly involved and necessarily adjudicated in the former case in the city court. And under the authorities above cited, it makes no difference, so far as the conclusiveness of that judgment is concerned, whether issue

was actually joined upon them or not. In the case of *Kennedy* v.
*McCarthy*, 73 *Ga.* 346, the following facts appear: A discharged
employee claimed that his contract of employment was for a year,
payable monthly, and that he was wrongfully discharged before
the end of the year. At the end of the first month after he was
discharged he brought suit for the wages of that month. The
employer defended on the ground of incompetency of the employee,
and claimed that he had a right to discharge him. The employee
obtained a judgment, which was paid. Subsequently the employee
again sued for the other months of the year, and the defense was
substantially as before. Under these facts, the court held that
"the decision in the first case was conclusive as to those defenses
in the second." See Civil Code, § 3741.

We are constrained to hold, therefore, in this case, that the
court committed no error in allowing the plaintiff to amend his
petition by setting up the judgment in the former case, and in
holding that said judgment concluded the defendant as to all
questions touching the nature and effect of the contract between the
parties. No other defense was made; and the plaintiff having
introduced evidence which authorized a finding in his favor, the
court did not err in directing a verdict accordingly.

In view of what has been ruled above, the errors complained of
in the other grounds of the motion, if errors at all, were harmless.
*Rowe* v. *Ware*, 30 *Ga.* 278.

<div align="center">

*Judgment affirmed. All the Justices concur.*