## HARRIS et al. v. EQUITABLE SECURITIES COMPANY.

1. Where a judgment is pleaded as an estoppel, the burden is upon the party relying upon the estoppel to sustain the plea, by showing that the particular matter in controversy was necessarily or actually determined in the former litigation; and if it appear, from the record introduced in support of the plea, that several issues were involved in such litigation, and the verdict and judgment do not clearly show that this particular issue was then decided, before such plea can be sustained, this uncertainty must be removed by extrinsic evidence showing that such matter was then decided in accordance with the contention of the party relying upon the plea.

2. The case of *Linton* v. *Harris*, 78 *Ga.* 265 (3 S. E. 278), distinguished from the present case.

Argued June 18,—Decided August 12, 1907.

Ejectment. Before Judge Brand. Jackson superior court. January 5, 1907.

*W. W. Stark*, for plaintiffs in error.

*John L. Tye, Charles A. Read*, and *Robert S. Howard*, contra.

FISH, C. J. 1. The Equitable Securities Company sued C. L. Harris, administrator of the estate of J. L. Harris Sr., deceased, C. L. Harris, and J. L. Harris Jr., on several promissory notes given by the decedent and the defendants to plaintiff for the purchase-price of certain described land, praying for a general judgment with special lien on the land. The defendants filed several pleas; among them were: (1) that plaintiff could not make defendants a good title to the land, in pursuance of its bond so to do, by reason of an outstanding paramount title in a given third person; (2) payment; (3) that the land and notes in question were the assets of the Equitable Mortgage Company, which were in the hands of its receiver, who had no authority to convey them to plaintiff. On the trial there was a general verdict, viz.: "We the jury find for the defendants." A general judgment was entered in accordance with the verdict. Subsequently the same plaintiff brought an action against the same defendants and four others, to recover the same land for the purchase-price of which the notes sued on in the former case were given by defendants in that case to the plaintiff. The defendant filed several pleas, among them being estoppel by judgment in the former case; defendants setting up as a defense that the verdict and judgment in that case were to the effect that the notes in question had been

16

paid. On the trial of the last case, the only evidence introduced by defendants was a copy of the pleadings, verdict, and judgment in the former case. Even without reference to the evidence submitted by plaintiff, which was uncontradicted and which strongly tended to show that no evidence was submitted on the former trial in support of either the plea of payment or that of paramount outstanding title, a verdict against the plea of estoppel by judgment was demanded, and the court did not err in directing such a verdict. *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483), and cit. See also, *Callaway* v. *Irvin,* 123 *Ga.* 344 (51 S. E. 477); *Irvin* v. *Spratlin,* 127 *Ga.* 240 (55 S. E. 1037).

2. The case of *Linton* v. *Harris,* 78 *Ga.* 265 (3 S. E. 278), relied on by the plaintiffs in error, is not in conflict with the above ruling. That was also an action of ejectment, which necessarily involved the question of the plaintiff's title to the premises in dispute, and the defendant pleaded estoppel by a former judgment in his favor, rendered in a suit of a different character against him, wherein the real plaintiff, at the time of the trial, was the same person who subsequently brought the ejectment suit. But there was no uncertainty whatever as to the plea upon which the general verdict in the former litigation in favor of the defendant was based; as it clearly appeared that the defense in the former suit was placed squarely upon the question whether such plaintiff had title to the very premises which he subsequently sued to recover from the same defendant; that this defense was fully litigated upon the trial, and, hence, that "the sole question of title arising in the latter action [was] the same as that which was adjudicated in the former."

*Judgment affirmed. All the Justices concur.*