### COLEMAN v. FIELDS, sheriff, *et al.*

Where an act of the legislature authorized the levy of a local school tax in counties, and provided that before it should go into effect in any given county the question should be submitted to the voters thereof at an election held for the purpose, and receive a designated majority; and after such an election had been held and the requisite majority obtained,

and the county authorities were about to levy a tax under the law, a citizen and taxpayer filed suit to declare the election void and the law inapplicable, and prayed that the officers be enjoined from levying a tax under the law, and a final judgment was rendered against him, the judgment so rendered is conclusive upon the same plaintiff in a subsequent action to enjoin the collection of taxes for the year in which the first levy was made, or any subsequent year, where the ground relied on to enjoin the collection of the tax is that the election was void and the law inapplicable in the county.

JULY 25, 1914.

Equitable petition. Before Judge Rawlings. Emanuel superior court. August 5, 1913.

The act of 1905 (Acts 1905, p. 425), as amended by the act of 1906 (Acts 1906, p. 61), provided, among other things, for the levy and collection of a school tax for educational purposes. It was declared that the act should become operative in a county or district when put in force by an election called in a certain manner, and determined by a certain majority of votes. The provisions in regard to holding such an election are now set forth in the Civil Code (1910), § 1534. In 1907 an election was held in Emanuel County to determine whether the act should become operative in that county. After the election it was formally declared that the requisite majority had voted in favor of the measure. The county commissioners were about to levy a local tax for school purposes; whereupon John C. Coleman and other named persons instituted an action against the members of the board of education and the commissioners of roads and revenues of the county, to declare the election and the statute void, and to enjoin the levy of a tax. Numerous grounds of attack were made on the election and the statute relied on as a basis for levying the tax, but only two of them need now be stated, namely: (*a*) that school districts were never laid out in the county as provided by the act; (*b*) that, omitting the votes cast in the 49th district, the requisite two-thirds majority was not obtained, and the votes from that district could not be counted, because, no election precinct having been established therein, the election in that district was void. On the interlocutory hearing the judge refused to enjoin the defendants; and upon writ of error the judgment of the trial court was affirmed. *Coleman* v. *Board of Education of Emanuel County,* 131 *Ga.* 643 (63 S. E. 41). Subsequently, on the regular trial, the judge directed a verdict against the plaintiffs; and the case was again brought to the Supreme Court and the writ of error dis-

missed, leaving the judgment of the trial court to stand affirmed. *Coleman* v. *Board of Education of Emanuel County,* 136 *Ga.* 844 (72 S. E. 159). Afterward local taxes were levied for school purposes in the county. John C. Coleman omitted to pay his taxes, and two separate executions were issued against him, each of which included the local tax for school purposes; one for the first year's tax under operation of the act, and the other for the second year's tax. John C. Coleman then instituted a suit against the sheriff to whom the executions were directed, and against the county, to enjoin the collection of the school tax, urging only the two grounds of attack above set out. The defendants pleaded the former judgment as a bar to the action; and on the hearing the judge, to whom the case was submitted on an agreed statement of facts, refused the injunction. Error is assigned upon this judgment.

*Saffold & Jordan,* for plaintiff.

*Williams & Bradley,* for defendants.

ATKINSON, J. (After stating the facts.) Coleman was a party plaintiff in both actions. While different officers of the county were sought to be enjoined, it was not contended that there was a variance between the actions in the matter of parties defendant. The first action sought to enjoin the levy of a local tax, while the second suit sought to enjoin collection after the tax had been levied. The grounds of attack in the second were included in the first. In the first case there was a final judgment against Coleman, and it was conclusive against him in the second. It was contended that the suit to enjoin the levy of the tax related merely to the tax for one year, while the suit to enjoin collection of the tax related to taxes for another year, and on that account the subject-matters of the suits were different, and the former judgment would not be conclusive; citing *Georgia Railroad & Banking Co.* v. *Wright,* 124 *Ga.* 596 (53 S. E. 251); 28 Cyc. 1182 (b); Keokuk &c. R. Co. *v.* Missouri, 152 U. S. 301 (14 Sup. Ct. 592, 38 L. ed. 450); Davenport *v.* Rock Island R. Co., 38 Iowa, 633-40. But this takes an unduly restricted view of the scope of the judgment in the former case. While in the first suit it was prayed that the officers be enjoined from levying the tax, the scope of the action was broader, and sought a decree declaring the election and the law void, so that no tax could be levied thereunder. This attack was not directed against the levy of a tax for one year any more than another year, but went

to the right of the county to tax at all. This right to tax lies at the foundation of the second action, and upon that controlling question Coleman was concluded by the former judgment. Civil Code (1910), § 4336; *Kennedy* v. *McCarthy, 73 Ga.* 346; *Kelly & Jones Co.* v. *Moore, 128 Ga.* 683 (58 S. E. 181); *Harris* v. *Equitable Securities Co.,* 129 *Ga.* 241 (58 S. E. 831).

> *Judgment affirmed. All the Justices concur.*