24914. SOUTH *v.* A., B. & C. RAILROAD BENEFIT ASSOCIATION.

DECIDED JANUARY 9, 1936.

*Winfield P. Jones, Carroll Payne Jones, Clarke & Clarke,* for plaintiff.

*Brandon, Hynds & Tindall, Colquitt, Parker, Troutman & Arkwright, Harllee Branch Jr.,* for defendant.

SUTTON, J. 1. Prior to the institution of this action, the plaintiff sued for weekly benefits up to July 29, 1931, the time of the filing of the suit on the same benefit certificate involved herein, and recovered judgment therein against the defendant association. *A., B. & C. Benefit Association* v. *South,* 49 *Ga. App.* 659 (175 S. E. 924). In that case the questions raised in this case were directly put in issue, and were determined adversely to the contention of the defendant. This being so, that judgment was an adjudication as to all matters and questions in issue, and which might have been put in issue under the pleadings and the evidence,

and was an adjudication that the plaintiff was entitled to recover on this benefit certificate for total disability for the number of weeks allowed by the judgment. *N. Y. Life Ins. Co.* v. *Thompson,* 45 *Ga. App.* 638 (165 S. E. 847) ; *Puffer Mfg. Co.* v. *Rivers,* 10 *Ga. App.* 154 (73 S. E. 20) ; *Kennedy* v. *McCarthy,* 73 *Ga.* 346 ; *Kelly & Jones Co.* v. *Moore,* 128 *Ga.* 683 (58 S. E. 181). The case under consideration is like those cases where an employee is discharged before the expiration of his term of hiring, and sues for one month's salary and recovers, and thereafter brings suit for the balance of his term. See *Metropolitan Life Ins. Co.* v. *Lovett,* 50 *Ga. App.* 763, 765 (179 S. E. 253). The former trial and judgment therefore adjudicated the right of the plaintiff to recover on the certificate if he remained totally disabled; and the issue involved in the present action would be whether or not plaintiff was totally disabled during the weeks sued for. *N. Y. Life* v. *Thompson,* supra.

2. If the plaintiff was totally disabled, as contended by him, then he would be entitled to recover weekly benefits under the certificate "as long as total disability continues;" and the present suit being to recover for weekly benefits from the time of the former recovery to the time of the trial of this case, the petition having prayed that the plaintiff be allowed so to amend as to recover weekly benefits up to the time of the trial, if his disability continued to that time, provided the jury believed that his disability continued to that time, and having been amended accordingly, the suit was properly brought. *Metropolitan Life Ins. Co.* v. *Lovett,* supra. The question for decision then would be whether the plaintiff was totally disabled; and this question should have been submitted to the jury. The judge erroneously held that the prior suit and judgment adjudicated only that the plaintiff was totally disabled during the time sued for. The judgment in that action adjudicated all matters in issue, and which might have been put in issue; and the questions now raised, as to notice and proof of disability, and as to the fact that the plaintiff had been dismissed or suspended before disability, and had not paid any dues after dismissal, and had not submitted weekly doctor's certificates, were questions which were or which might have been raised in the former case.

374

3. It follows that any evidence tending to show that the plaintiff was not now entitled to recover, because he had ceased to work for the railroad company on account of his disability, and that he had not paid any dues since he had become disabled and been suspended or dismissed, and had not submitted weekly doctor's certificates, would have no bearing on the issue to be determined in this case—disability or no disability for the time sued for, and should not have been admitted. The judge erred in directing a verdict for the defendant and in overruling the motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*