## SOUTH v. RAILROAD RETIREMENT BOARD.

### No. 2265 Civ. A.

District Court, N. D. Georgia, Atlanta Division.

March 30, 1942.

Winfield P. Jones, of Atlanta, Ga., for plaintiff.

Lester P. Schoene, of Washington, D. C., for defendant.

UNDERWOOD, District Judge.

The above case came on for hearing upon plaintiff's motion to strike parts of the answer and for summary judgment and also at the same time, upon the merits before the Court without a jury.

This is an action brought under Section 11 of the Railroad Retirement Act of 1937, 45 U.S.C.A. § 228k, which authorizes an employee to apply to this Court to compel the Railroad Retirement Board "(1) to set aside an action or decision of the Board claimed to be in violation of a legal right of the applicant or (2) to take action or to make a decision necessary for the enforcement of a legal right of the applicant." In this case, plaintiff seeks a review of a decision of the Board which denied petitioner's application for an annuity under the Act and prays that same be set aside and that plaintiff be held entitled to an annuity.

Facts.

The complete record of the proceedings before the Railroad Retirement Board was put in evidence in this case and constitutes the entire evidence submitted to this Court.

On July 13, 1936 plaintiff applied for an annuity under the Act of 1935, 45 U.S.C.A. § 215 et seq., to begin June 1, 1936, "before which date his retirement from all carrier service shall have become effective."

On February 23, 1938, defendant's Claims Service denied petitioner's application on the ground that he did not have an employer-employee relationship on or after August 29, 1935, because "notwithstanding the intervention of his total disability, as aforesaid, he was apparently on that ground discharged on May 26, 1930, and notified thereof on June 1, 1930."

On June 30, 1938 plaintiff filed an appeal from this decision to defendant's Appeals Council. On this appeal petitioner insisted that since his total disability intervened before notice of his alleged discharge, he continued in an employer-employee relationship up to and after August 29, 1935.

The Appeals Council affirmed the decision of the Claims Service and thereafter plaintiff appealed to the Railroad Retirement Board, defendant here.

On June 15, 1939 the Railroad Retirement Board affirmed the decision of the Appeals Council and denied plaintiff's application for an annuity. In its decision, the Board say:

"The railroad company has reported that the appellant was discharged May 26, 1930, and the appellant states that he received notice of this discharge on June 1, 1930. There is no evidence and no contention that any reinstatement occurred. It is thus clear from the uncontroverted evidence in the case that the appellant was not out of active service in accordance with any established rule or practice which would operate to restore him to active service upon the occurrence of definite and ascertainable events or conditions but, on the contrary, it is clearly shown that appellant's employee status was definitely terminated through discharge prior to August 29, 1935. Although disability apparently was the occasion for the discharge, it is wholly problematical whether the carrier would have reemployed appellant, if disability had ceased, and it is beyond question that any such reemployment, had it occurred, would have constituted the establishment of a new relationship rather than a restoration to active service following absence in accordance with an established rule or practice."

The evidence shows that plaintiff was continuously, with exception of brief periods, engaged in carrier service from July 1891 to May 26, 1930; that he, while in active service of the A. B. & C. Railroad Company, was injured in an accident on November 29, 1929, but continued to work irregularly until May 26, 1930; that on the latter date, May 26, 1930, while still in the service of the A. B. & C. Railroad Company as a passenger conductor, he became totally and permanently disabled to render further service; that he on said date notified and requested said Railroad Company to immediately relieve him from duty; that he was, upon such request, discharged on May 26, 1930 and notified thereof on June 1, 1930.

Two decisions of the Court of Appeals of Georgia in suits instituted by plaintiff

(A., B. & C. Benefit Association v. South, 49 Ga.App. 659, 175 S.E. 924, and South v. A., B. & C. Benefit Association, 52 Ga.App. 372, 183 S.E. 213) were placed in the record before the Board as evidence tending to show disability prior to his discharge by the Railroad Company. The first of these suits was filed on July 29, 1931 (as stated in the second case, South v. A., B. & C. Railroad Benefit Association, 52 Ga.App. 372, 183 S.E. 213), several years before the critical date of August 29, 1935, which the Act established as being the date on or after which the employer-employee relationship must have existed. The later case merely follows the first case and decided that the evidence submitted in the first case was sufficient to support the verdict of a jury to the effect that the employer-employee relationship existed, not on August 29, 1935, but at the time plaintiff became disabled, and that the questions determined in the first case were res judicata in the second, so that even if these decisions could be held to constitute res judicata in this proceeding, they would not establish the existence of employer-employee relationship on August 29, 1935. No evidence was adduced which showed that plaintiff occupied the status of employee of the carrier on August 29, 1935 under "established rules and practices in effect on the employer." 45 U.S.C.A. § 228a(d).

### Conclusions of Law.

■ Plaintiff, to become entitled to the benefits provided by the Act, must prove that the relation of employer and employee existed on August 29, 1935. The determination of this question of fact was by the Act entrusted to the Board, and its decision, if supported by substantial evidence, will not be set aside by the Court. A review of the decision by a District Court is provided for in Section 11 of the Act, but the review contemplated by the Section is a judicial review, not a trial de novo. The word "review" is used in the Section where it is provided that: "The decision of the Board with respect to an annuity, pension, or death benefit shall not be subject to review by any court unless suit is commenced within one year after the decision," etc. 45 U.S.C.A. § 228k.

■ Where an administrative agency has been set up to whose informed judgment and discretion Congress has committed the determination of questions of fact, on the basis of which it is authorized to make administrative orders, "such determinations will not be set aside by courts if there is evidence to support them. Even though, upon a consideration of all the evidence, a court might reach a different conclusion, it is not authorized to substitute its own for the administrative judgment." Swayne & Hoyt, Ltd., v. United States, 300 U.S. 297, 303, 57 S.Ct. 478, 481, 81 L.Ed. 659. "So long as there is warrant in the record for the judgment of the expert body it must stand," and where the Court has "found that the record permitted the Commission to draw the conclusion that it did, a court travels beyond its province to express concurrence therewith as an original question." Rochester Tel.Corp. v. United States, 307 U.S. 125, 145, 146, 59 S.Ct. 754, 764, 83 L.Ed. 1147.

To hold otherwise would make the Board "but a mere instrument for the purpose of taking testimony to be submitted to the courts for their ultimate action," United States v. Louisville & N. Railroad Co., 235 U.S. 314, 35 S.Ct. 113, 114, 59 L.Ed. 245; and if it be held that the Act requires a trial de novo and not a "review" of the Board's decision, the hearing before the Board will accomplish little but delay.

The rule above stated is the rule uniformly applied to the findings of administrative officials and boards charged with the duty of finding facts and subjected to review by the courts when their orders are "not in accordance with law." Wheeling Corrugating Co. v. McManigal, 4 Cir., 41 F.2d 593, 594.

Such has been the rule announced in construing the following statutes and powers of administrative officers. Shipping Act, 46 U.S.C.A. § 801 et seq. (Swayne & Hoyt, Ltd., v. United States, 300 U.S. 297, 303, 57 S.Ct. 478, 81 L.Ed. 659); Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. (Opp Cotton Mills, Inc., v. Administrator of Wage and Hour Division of Department of Labor, 312 U.S. 126, 657, 61 S.Ct. 524, 85 L.Ed. 624); The Packers' Stockyard Act, 7 U.S.C.A. § 181 et seq. (Stafford v. Wallace, 258 U.S. 495, 42 S.Ct. 397, 66 L.Ed. 735, 23 A.L.R. 229; Tagg Bros. & Moorhead v. United States, 280 U.S. 420, 50 S.Ct. 220, 74 L.Ed. 524); Federal Trade Commission (Federal Trade Commission v. Eastman Kodak Co., 274 U.S. 619, 47 S.Ct. 688, 71 L.Ed. 1238); Interstate Commerce Commission (Interstate Commerce Commission v. Union

914

Pacific Railroad Co., 222 U.S. 541, 32 S. Ct. 108, 56 L.Ed. 308; United States v. Louisville & Nashville Railroad Co., 235 U.S. 314, 35 S.Ct. 113, 59 L.Ed. 245); Administrator of Veterans' Affairs (Silberschein v. United States, 266 U.S. 221, 45 S.Ct. 69, 69 L.Ed. 256); Securities Exchange Commission, 15 U.S.C.A. § 77i; National Labor Relations Board (National Licorice Co. v. National Labor Relations Board, 309 U.S. 350, 60 S.Ct. 569, 84 L.Ed. 799); Board of Tax Appeals (Old Colony Trust Co. v. Commissioner of Internal Revenue, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918); Board of Customs Appraisers (Passavant v. United States, 148 U.S. 214, 13 S.Ct. 572, 37 L.Ed. 426); Commissioner of Internal Revenue (Williamsport Wire Rope Co. v. United States, 277 U.S. 551, 48 S.Ct. 587, 72 L.Ed. 985); Postmaster General (Bates & Guild Co. v. Payne, 194 U.S. 106, 24 S.Ct. 595, 48 L.Ed. 894); Federal Communications Commission (Rochester Tel. Corp. v. United States, 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147).

In entrusting to the Board the determination of questions of fact, Congress did not mean to imply artificial tests, but intended that the Board, in the exercise of its experienced judgment, should look to substance rather than form; to definitive action of the employer and employee rather than to statements of doubtful or strained meaning. The Board has recognized this and by regulation, which it is authorized to make, Section 10(b) (4), 45 U.S.C.A. § 228j (b) (4), expressed this view in the following language: "Discharge, resignation or retirement must be determined according to the substance of the transaction, even though the transaction may have been denominated furlough, leave of absence or absence on account of sickness or disability. A transaction so denominated, but which represents in substance and effect a discharge, resignation or retirement, terminates the employment relation." (Title 20, Code of Federal Regulations, § 204.2(f), page 863).

The facts appearing in the record amply support the decision of the Board and same should not therefore be set aside as prayed since it is supported by substantial evidence.

The motions to strike parts of the answer and for summary judgment are overruled.

Whereupon, it is considered, ordered and adjudged that said decision of the Railroad Retirement Board be, and hereby is affirmed and confirmed and judgment rendered for defendant against plaintiff. This case having been filed in forma pauperis, no judgment for costs is entered.