## JOHNSON vs. LOVELACE.

1. The record of a former claim is admissible to show that the points involved are *res adjudicata*, without any special plea.
2. When this is done by plaintiff, the claimant should be permitted to introduce all relevant evidence in defense of his title. He is not limited to the avoidance of the former judgment.
3. Where two judgments are of the same date, and alike in all respects except the amounts, a verdict and judgment on the trial of a claim, that certain property is subject to one, is conclusive in favor of the other between the same parties.
4. Immaterial error no ground of new trial.

Claim. *Res adjudicata.* Evidence. Judgments. Before JOSEPH F. POU, Esq., Judge *pro hac vice.* Harris Superior Court. October Term, 1877.

The following, taken in connection with the decision, sufficiently reports this case :

Claimant moved for a new trial on the following among other grounds :

1. Because the court admitted in evidence the record of the former claim.

2. Because the court restricted claimant's evidence to showing that he was not concluded by the former judgment.

3. Because the court charged, in effect, that if the parties and property were the same, a judgment on one of the claims would be conclusive as to the other.

The motion was overruled, and he excepted.

J. M. MOBLEY ; R. A. RUSSELL, for plaintiff in error, cited on the question of estoppel, 6 *Ga.*, 495, 497 ; Code, §§2897, 3577, and cases cited ; 27 *Ga.*, 376 ; 7 *Ib.*, 211, 216–221, 434 ; Smith's L. C., 609, 622, 761, 764, 767, 768, 792-795 ; 1 Starkie on Ev., 190, 341–343.

L. L. STANFORD ; WILLIS & WILLIS, for defendant, cited as follows : On form of levy, etc., 54 *Ga.*, 296 ; 59 *Ib.*, 849. On the estoppel, 17 Mass., 365 ; Code, §§2897, 3577, 3826 ;

21 *Ga.*, 143; 8 *Ib.*, 524; 11 *Ib.*, 265; 35 E. C. L., 174; 3 East, 346; 1 Smith's L. C., 437; 4 N. Y., 71; Big. on Est., 25, 43, 45; 1 Swift's Dig., 621; 3 Cowen, 121; 7 Wall., 621; Herman on Est., 67; Kerr on Fraud & Mis., 207, 208.

WARNER, Chief Justice.

This was a claim case, on the trial of which the jury, under the charge of the court, found the property subject to the *fi. fa.* levied thereon. A motion was made for a new trial on various grounds, which was overruled, and the claimant excepted. It appears from the evidence in the record that the plaintiff obtained two judgments against Isaac Johnson, the defendant, in Harris superior court, at the same term of the court, but for different amounts. Executions issued on these judgments, and both were levied on the same property of the defendant at the same time, and claimed by Joel T. Johnson, there being two separate claims interposed at the same time, one for each *fi. fa.* that was levied on the property. One of the claim cases was tried before the other, and upon that trial the property was found subject by the verdict of the jury, and judgment entered thereon. When the second claim case came on for trial, the plaintiff offered in evidence the record of the former trial for the purpose of showing that the question of the claimant's title to the land claimed by him as against the plaintiff's judgment had been adjudicated on that former trial. The claimant having introduced in evidence a deed from Isaac Johnson to himself for the property claimed, the plaintiff proved that the same deed was offered and read in evidence by the claimant on the former trial, and relied on by him in support of his claim to the property. The court held that the question of the claimant's title to the land was *res adjudicata*, and charged the jury to that effect, which is the main error complained of here.

The issue upon the first trial was whether the claimant's title to the property claimed by him was good as against the

plaintiff's judgment obtained on the 10th of October, 1866, and upon the trial of that issue, the verdict and judgment of the court thereon was that his title was not good as against that judgment. On the second trial, the issue was whether the claimant's title (it being the same introduced by him on the first trial) was good as against the plaintiff's judgment obtained on the same day as the first, but for a different amount. There was no evidence that the second judgment had been paid off, or that it was invalid for any cause. In the Duchess of Kingston case it was held that a judgment of a court of concurrent jurisdiction, *directly upon the point,* is, as a plea, a bar ; as evidence, *conclusive* between the same parties upon the same matter directly in question in another court. See *Bradley vs. Johnson,* 49 *Ga.,* 412. When it appears on the face of the record that the question in controversy in the second suit was litigated in the first, the mere production of the record will be enough, but when it does not so appear, it must be shown *aliunde* by parol evidence, and the burden of proof rests on the party who maintains the affirmative. If the record shows that the same matters *might* have been litigated in the former action, then the fact that they were actually decided in that former action may be proved by extrinsic evidence. Herman's Law of Estoppel, §98. In the case now before us, it appears from the record of the trial of the first claim case, that the claimant might have introduced the same title in support of his claim as he did on the second trial, and the extrinsic parol evidence in the record shows that he did so, that he claimed title to the property under the same deed from Isaac Johnson in both cases. The judgment of the court on the first trial was that the claimant's title under that deed was not good as against the plaintiff's judgment obtained on the 10th of October, 1866, and that judgment, so obtained on the first trial, was conclusive evidence that the claimant's title to the property under that deed was not good as against the second judgment, obtained at the same time as the first, although the latter may have been for a different amount.

The point in issue that was directly decided upon the first trial was, that the claimant's title to the property was not good against the plaintiff's judgment obtained against Isaac Johnson, the defendant, on the 10th of October, 1866, and that decision was directly applicable to the claimant's title under that same deed when offered in evidence by him on the second trial, inasmuch as the plaintiff's second judgment, against which he sought to claim the property, was of the same date as the first, though for a different amount.   Judgments do not bind the property of defendants therein according to the amount, but according to the date thereof, and if the claimant's title was not good against one of the plaintiff's judgments for one amount, it was not good against his other judgment for a different amount, both being of the same date.   It is the policy of the law to prevent unnecessary litigation, and therefore our own Code declares that " An adjudication of the same subject matter in issue in a former suit between the same parties, by a court of competent jurisdiction, should be an end of litigation."   Code, §2897.   Parties will not be allowed to try the same issue twice by multiplying their claims, and it makes no difference that they may be able to introduce more evidence on the second trial than they did on the first; the law requires full diligence on the first trial.

There being no plea of former recovery in this case, the court should have received not only the record of the former suit in evidence offered by the plaintiff, but also the evidence offered by the claimant, and then have charged the jury as to the legal effect of the former recovery, as it did do ; but as the result must have been the same, according to our view of the evidence as to the former adjudication of the claimant's title to the property, we will not disturb the verdict for that reason, inasmuch as we find no error in the charge of the court as to the claimant's title to the property having been adjudicated on the former trial.   *Tomlinson vs. Driver*, 53 *Ga.*, 1.

Let the judgment of the court below be affirmed.