### KENNEDY vs. McCARTHY.

A discharged employé claimed that his contract of employment was for a year, payable each month, and that he was wrongfully discharged.   The employer defended on the ground of incompetency of the employé, and claimed that he had a right to discharge him. On the first day of January, the employé obtained permission to absent himself from his place of business, and on the evening of that day the discharge took place.   At the end of the month, the employé brought suit for the wages of that month, and obtained judgment, which was paid.   This suit was defended on the ground above stated.   Subsequently the employé again sued for other months during the year, and the defence was substantially the same as before:

Held, that the decision in the first case was conclusive as to those defences in the second.

(a.) It did not alter the case that the justice testified that he rendered the judgment in the first case solely on the ground that the plaintiff had rendered, or been excused from rendering, one day's service in the month for which suit was then brought.   The reason of the justice is immaterial; but the effect must be determined from the judgment itself and the issues involved in it.

December 19, 1884.

Master and Servant.   Contracts.   Judgment.   *Res adjudicata.*   Before Judge HARDEN.   City Court of Savannah.   May Term, 1884.

McCarthy brought suit against Kennedy on an open account as follows:

"For salary as clerk for the months of February, March, April and May, 1883, four months, at $50 per month......................$ 200 00

Cr.

By cash received from other employment. .........    .......$   20 00

To balance .................................................................$ 180 00"

Defendant pleaded the general issue; and that the plaintiff had represented that he was competent to discharge the duties for which he was employed, that is to keep the books pertaining to the business of defendant as a tailor, to make entries of measurements taken by defendant of his customers, and to attend to the business of a clerk for him, but that plaintiff was incompetent, and failed to comply with his contract, and therefore defendant discharged him.

The evidence under the pleas filed was conflicting; especially as to whether the term of employment was for a year at $50.00 per month, or whether it was to continue as long as the plaintiff suited the defendant; and also as to plaintiff's competency.

It was shown that plaintiff brought suit in a justice's court at the end of January, 1883, for the salary claimed by him for that month; that defendant relied on substantially the same defences as those now pleaded; and that plaintiff recovered judgment, which was paid. The justice testified that he based his judgment solely on the ground that plaintiff had entered on his service for the month of January before he was discharged, and that there was no need to pass on other questions.

The verdict was in favor of plaintiff for $180.00 principal. Defendant moved for a new trial, which was refused, and he excepted.

GARRARD & MELDRIM, for plaintiff in error.

DENMARK & ADAMS, for defendant.

HALL, Justice.

This suit was brought to recover wages alleged to be due from the defendant to the plaintiff for services rendered by the latter as a general clerk about the tailoring establishment of the former. The defence was that the plaintiff, on trial, proved himself incompetent to discharge the

duties of keeping correctly and truly and in a faithful and business-like manner the books pertaining to defendant's business as a tailor, to make entries of measurements taken by defendant of his customers, and to attend to collecting the accounts of the establishment, as he had represented himself when employed, and that, on account of his failure to comply with his said promise and contract, the defendant discharged him from his service, as he claims he had a right to do.

The case has been twice tried, and in both instances there were verdicts for the defendant. The plaintiff contended that he was employed on the 1st day of October, 1882, for a year, at stipulated wages, to be paid monthly; that he was discharged on the 1st day of the following January. There was a dispute as to the term for which he was employed, and the evidence on the point was conflicting. He was paid for his services up to the date of his discharge. Up to this time no complaint seems to have been made as to the manner in which he performed his duties. On the first day of January, he obtained permission from the defendant to absent himself from his place of business for that day, in order that he might remove his family to another residence. On the evening of that day, the defendant notified him by letter that he dispensed with his further services, as defendant's " son would attend to that part of the business." To this letter he replied on the 3d of January, notifying the defendant, as his contract was with him for a year from October 1st, 1882, and not by the month, he held himself in readiness to fulfill his part of the same, and would hold him responsible for the fulfillment of his part thereof; the defendant, upon this demand, declined his further services. He brought a suit in the justice's court for the month's wages due at the end of January. This was defended upon substantially the same grounds as those relied on in the present action; there was a judgment in favor of plaintiff. and it is now insisted that the result of this trial, to which the defendant sub-

mitted by paying the amount found against him, is conclusive of the defence set up to the present suit, and *Johnson vs. Lovelace*, 61 *Ga.*, 64, is relied on to sustain this position. The case is in point; the facts in the two cases, though not identical, are strikingly alike. There judgments had been obtained on different parts or installments of one contract; the executions issuing upon these judgments were levied on the same property; two separate claims were interposed to it by the same party. One of these claims was tried and the property was found subject; when the second was tried, the verdict and judgment in the first were introduced in evidence, and the plaintiff insisted that they were conclusive of the issues between the parties sought to be tried on the second claim; the lower court so held, and this court affirmed that ruling. In the case at bar, the same course was pursued; the suit in the justice's court was between the same parties, was on the same contract, and the same defence was insisted upon there as here. It is true that the presiding justice testified that he rendered the judgment solely on the ground that the plaintiff had rendered, or rather had been excused from rendering, one day's service in the month, for which the wages claimed would have been earned but for plaintiff's discharge from defendant's employment. It is perfectly immaterial what may have been the justice's reason for awarding judgment in favor of the plaintiffs. We can look only to the judgment itself and the issues involved in it. If it was a valid judgment and was rendered between the parties on the same contract, and the issues now made were fully presented and passed on in that suit, it is conclusive of this. Such being the case, this verdict was required by the evidence in the suit now before the court. This is decisive of the judgment rendered by the city court, and dispenses with the necessity of examining and deciding the other questions raised upon the various objections made by the motion for a new trial to the rulings, decisions and charges of that court.

Judgment affirmed.