## SMITH *v.* COKER.

1. An officer who has made a sale of realty under execution is not, by virtue thereof, authorized to evict from the premises " any other person than the defendant, his heirs, or their tenants or assignees since the judgment."

2. A promise to pay rent made solely to prevent an unlawful eviction is not binding upon the person making the same.

3. A judgment in favor of a plaintiff in execution against a claimant does not affect one to whom the latter had conveyed the property in dispute before the claim was filed, or one holding under such claimant's grantee.

Argued March 17,—Decided May 12, 1900.

Dispossessory warrant. Before Judge Harris. City court of Floyd county. June term, 1899.

*Rowell & Rowell,* for plaintiff in error.

*M. B. Eubanks,* contra.

LUMPKIN, P. J. This is a companion case to that between the same parties this day decided. In addition to the distress warrant, Coker sued out a " dispossessory warrant " against Smith for the purpose of evicting him from the premises as a tenant who had made default in the payment of rent. Smith filed a counter-affidavit denying the alleged tenancy. On the trial of the case thus made, a verdict was returned in favor of Coker. The issues involved and the evidence pro and con were substantially the same as in the other case, except that in the case which we are now considering Smith succeeded in intro-

ducing in evidence the certified copies of the two deeds which were excluded at the hearing of the case originating with the distress warrant. As a result, the case in hand differs widely from the other one. The difference is just this: In the first case, Smith failed to show that the threatened eviction would have been unlawful; in the second case, he overcame this difficulty by proving that Black, under whom he held possession, claimed title to the premises under a deed made by C. W. Borders, the defendant in the execution in favor of Coker, under which the property was sold by the sheriff to Coker, and that this deed was executed before the judgment on which that execution issued had been rendered. The sheriff, therefore, had no right to turn Smith out of possession; for section 5468 of the Civil Code expressly declares that an officer who has made a sale of realty is not, by virtue of the law thereto relating, authorized "to turn out any other person than the defendant, his heirs, or their tenants or assignees since the judgment." It follows that if Smith made a promise to become Coker's tenant and pay rent to him, solely for the purpose of preventing the threatened unlawful eviction, the promise was not binding, because made under duress and without consideration. The case ought to have been tried on the line just indicated, but it was not, and of this Smith, in divers ways, complains in his motion for a new trial. The record discloses that when Coker caused the land to be levied upon, Mrs. Hattie Borders filed a claim to it, and that on the trial thereof the property was found subject. It appears, however, that this claim case originated and was disposed of after Mrs. Borders had conveyed the property to two corporations, one of which had subsequently, under a power of sale, conveyed it to Black, Smith's landlord. Nevertheless, the court, over Smith's objection, admitted in evidence the record of the claim case, and in substance charged the jury that Black and his tenant were bound by the judgment therein rendered. In both these particulars the court committed manifest error; for it is obvious, without discussion, that after Mrs. Borders had parted with the title, no adjudication against her respecting the same could bind or affect her grantee or one claiming under the latter.

*Judgment reversed. All concurring, except Fish, J., absent.*