IRVIN, administrator, *v.* SPRATLIN *et al.*

Where several tenants in common brought a joint action for the recovery of land, and the defendant in his plea filed separate defenses, one to the effect that one of the joint plaintiffs was estopped from suing for the recovery of the land, and, for that reason, that none of the joint plaintiffs should recover, the other being that the defendant under color of title and in good faith had been in possession of the land for a sufficient length of time to obtain a title by prescription; and where upon the trial, the case, by consent, having been submitted to the judge to pass upon the law and the facts, the judge rendered a general judgment in favor of the defendant without specifying upon which plea the judgment was rendered; and where to a subsequent suit against the same defend-

ant, by some of the former plaintiffs suing severally for the recovery of the same land, a proper plea was filed, setting up the former suit and judgment therein as an estoppel by judgment, it was competent for the defendant, in support of such plea, to introduce extrinsic evidence to show that the question actually passed upon by the judge in rendering judgment in the former suit was as to whether or not the defendant had a good prescriptive title. In such case, if the judge actually based his decision on that question, his judgment would be conclusive against the plaintiffs, and they could not recover in the second suit. It follows that the court erred in excluding from evidence, upon the ground of irrelevancy, certain extrinsic documentary and parol evidence tending to show that such was the ruling of the court.

Submitted July 18,—Decided November 19, 1906.

Rehearing denied December 21, 1906.

Complaint for land. Before Judge Holden. Wilkes superior court. November 7, 1905.

*S. H. Hardeman, F. H. Colley, William Wynne,* and *I. T. Irvin Jr.,* for plaintiff in error. *Samuel H. Sibley,* contra.

ATKINSON, J. Exception is taken to the ruling of the court in directing a verdict in favor of the plaintiffs for the land in dispute. The correctness of this ruling depends upon the correctness of the ruling in excluding the documentary and parol evidence which was tendered. With that evidence excluded there would be nothing left except the prima facie case admitted. No dispute over evidence or other issue would be left, and the prima facie case admitted by the defendant would demand the verdict, and a direction from the court would be proper. We come, then, directly to the assignments of error upon the rulings of the court in excluding the documentary and parol evidence submitted. It may be stated in limine that in the present case we are dealing with the doctrine of estoppel by judgment, and not res judicata. In the suit which resulted in the judgment which is pleaded as an estoppel, it appears by the declaration that all of the plaintiffs insisted that all of the plaintiffs had joint title, and that they were entitled to recover for all; that the plaintiffs in that case included the three plaintiffs in the present case and several others claiming jointly with them. Under those conditions, that suit, with respect to both cause of action and parties, was different from the suit at bar, where the plaintiffs, being less in number than those included in the first suit, alleged that each had a separate and distinct title, and the success of one was not dependent upon the success of all. While

the first suit was not res judicata for the reasons indicated, it was possible for the plaintiffs in the present suit to have so litigated in the first suit as to have estopped them afterwards from prosecuting the present cause. The superior-court record which was excluded was pleaded as an estoppel in the case of *Callaway* v. *Irvin,* and admitted; but when that case was brought to this court (123 *Ga.* 344), viewing the record unaided by extrinsic evidence, it was held that "Estoppel by judgment can not be successfully urged as a defense to a suit brought by a single plaintiff, where it appears that in a former suit jointly instituted by him and others with respect to the same matter the defendant interposed several distinct defenses, some going to the merits of the controversy and one to the right to maintain the action as brought, and it does not appear upon which of these defenses the judgment in his favor was rendered." Under that ruling, the record as introduced was of no effect, and when the present case came on to be tried, the defendant, with the view of showing by extrinsic evidence upon which of the defenses the judgment was actually rendered, offered the bill of exceptions in the first case, containing, among other things, a brief of the evidence introduced in the court below, and assignments of error, and also parol evidence to the effect that the issues discussed by counsel in the court below and those mentioned by the court in rendering judgment were such as related to the merits of the case, and that the ruling actually made was upon the merits of the case and was not upon the technical point that the failure to show title in one of the several joint complainants in a suit for the recovery of land required a decision against all the complainants. The trial court was of the opinion that extrinsic evidence was not admissible to explain that the merits of the case were actually passed upon, and that the judgment did not go upon the technical point already mentioned, and, upon objection urged, refused to admit in evidence the record in the first suit, the bill of exceptions, and parol evidence, all upon the ground of irrelevancy. The effect of the sale by Simeon Parker Callaway as executor to Samuel Barnett upon his own interest in the property, and likewise the effect upon his coplaintiffs of his being estopped in the former suit, is well discussed by Mr. Justice Evans in the 4th paragraph of the opinion in *Callaway* v. *Irvin,* supra. In the same paragraph the learned Justice discusses the question of the conclusiveness of

judgments in cases where several defenses are interposed and the judgment fails to disclose upon which defense the judgment was rendered. The judgment then and now under consideration was construed to be one of that kind. In that opinion, quoting from DeSollar v. Hanscome, 158 U. S. 216, it is said: "It is of the essence of estoppel by judgment that it is certain that the precise fact was determined by the former judgment." Justice Evans goes on to say: "In the case before us no such certainty exists; the defendant in the first suit interposed several defenses, one of which was that Simeon Parker Callaway was estopped, by the deed he had executed, from asserting title to the land; and this special defense was established, and affected not only his right to recover, but also cut off his coplaintiffs from any recovery in that suit, independently of whether any of the other defenses were meritorious." That case leaves the question open as to whether by extrinsic evidence "such certainty can be shown to exist." In the case at bar the rejected evidence and bill of exceptions were relied upon to show the parties to the first suit, the subject-matter, the issues made by the pleadings, the judgment therein, and likewise the evidence introduced upon the trial of that suit, as found in the bill of exceptions therein filed to this court, the purpose of introducing the evidence therein contained being to indicate what questions were actually passed upon by the court. It was proposed to supplement the rejected record just referred to by the rejected parol evidence, and thereby make more certain the exact question which the court actually passed upon in the first case. If it is competent to go behind the judgment and show by extrinsic evidence the particular defense upon which it was actually rendered, none of the excluded evidence was irrelevant and none of it should have been excluded. The Civil Code, § 3743, provides that "Parol evidence is admissible to show that a matter apparently covered by the judgment was really not passed upon by the court." This section, since the adoption of the code, has the binding effect of statutory law. If upon principle, in cases of estoppel by judgment, it is competent to prove by parol testimony that a matter apparently covered by the judgment "was really not passed upon," it is difficult to see upon what reasoning it would not be permissible by the same kind of evidence to show that the matter covered by the pleadings and "apparently covered by the judgment," was actually passed upon, or,

when two matters are "apparently covered by the judgment," that one and not the other was actually passed upon.    It would seem that if it would be permissible at all to go behind the judgment with parol evidence, it should be only for the discovery of truth,. and this ought to permit the introduction of any competent evidence tending to accomplish that end.    The case of *Johnson* v. *Lovelace,* 61 *Ga.* 62, was a claim case.    On the trial the record in a former claim case between the same parties, where property had been. levied upon by authority of a different execution, was introduced by the plaintiff.    In that case it was ruled by this court that the claimant should be permitted to introduce all relevant evidence in defense of his title, and that he was not limited to the avoidance of the former judgment.    In the opinion Mr. Chief Justice Warner,. speaking for the court, on page 64, says, upon authority of Herman on Estoppel, § 98:    "When it appears on the face of the record that the question in controversy in the second suit was litigated in. the first, the mere production of the record will ·be enough; but. when it does not so appear, it must be shown by parol evidence, and the burden of proof rests upon the party who maintains the affirm-- ative.    If the record shows that the same matters *might* have been. litigated in the former action, then the fact that they were actually decided in that former action may be proved by extrinsic evidence." The ruling just quoted from *Johnson* v. *Lovelace* was not affected by the ruling in the case of *Kennedy* v. *McArthur,* 73 *Ga.* 346.    An examination of the cases will show that the former case is con-- trolled by the doctrine of estoppel by judgment, while that in the later case related strictly to the doctrine of res judicata.    In the case of *Draper* v. *Medlock,* 122 *Ga.* 234, this court says:    "Where a judgment is pleaded as an estoppel, the burden is upon the party relying upon the estoppel to sustain the plea by showing that the particular matter in controversy was necessarily or actually deter- mined in the former litigation; and if it appear from the record. introduced in support of the plea that several issues were involved in such litigation, and the verdict and judgment do not clearly show that this particular issue was then decided, before such plea can be sustained this uncertainty must be removed by extrinsic evi- dence showing that such matter was then decided in accordance with the contention of the party relying upon the plea."    See also report of this case and notes thereto in 2 Am. & E. An. Cas. 650;

1 Freeman on Judgments, § 273.   In the case in which the judgment was rendered, which judgment is now relied on as an estoppel, two separate defenses were interposed, either of which would have authorized a judgment against the plaintiffs.   One of these defenses was technical in its nature; the other was a defense upon the merits of the case.   On the trial the evidence would have demanded a verdict against the plaintiffs upon the technical defense, while, under the ruling in *Irvin* v. *Callaway,* supra, the evidence at the same trial may not have authorized a verdict in favor of the defendant upon the plea which went to the merits of the case.   But under such record and evidence, the judge passing upon the law and facts rendered a general judgment, which judgment had never been set aside.   In the case at bar that judgment was pleaded by the defendant as an estoppel against the plaintiffs, touching their right in the subject-matter involved in the present suit; and it was proposed, not to rest upon the mere face of the judgment finding against the defendants where two defenses were involved, as was done in the case of *Irvin* v. *Callaway,* supra, but to go further, and by additional record, offered as extrinsic evidence, and by testimony offered as parol extrinsic evidence, to show that the merits of the case by the pleadings in the former suit were actually involved, and that the court actually passed upon the merits of the case, and did not place the judgment upon the plea setting up the technical defense.   If the matter which was actually passed upon by the court was the defense which went to the merits of the case, and the judgment of the court was actually upon the merits of the case, the pleadings authorizing it, whether right or wrong the judgment was conclusive between the parties and should estop them from the maintenance of another suit involving the same matter. That judgment has never been set aside, and the parties had their day in court, and issues which were actually passed upon at that trial are closed now by the judgment, and all parties are estopped from denying them.   It being competent to explain by extrinsic evidence what matter was actually passed upon by the court, the documents and testimony which were offered by the defendants and excluded by the court were material, and it was erroneous for the court to exclude them upon the ground of irrelevancy.

*Judgment reversed.   All the Justices concur.*