BARRETT *el al.* v. BRYANT *et al.*

1. Upon the trial before a jury of the issue of devisavit vel non, where in the paper propounded as a will the alleged testator has not left his property to strangers, but to his wife and children, the bequests made to some being greater than that made to others, the principle laid down in the latter clause of section 3832 of the Civil Code, relating to power of testators, is not applicable, and it is erroneous to give it in charge.

2. Under the issue made by the caveat, the court properly charged sections 3834, 3841, and 3842 of the Civil Code, which state who may make a valid will, and define the amount of capacity necessary.

3. The failure of the court to charge the jury as to the purpose for which certain declarations of the testator had been admitted in evidence, or to what extent they could consider such declarations in testing the testator's mental capacity, and otherwise limit the effect of such declarations, was not error requiring the grant of a

new trial, inasmuch as the evidence as to these declarations was admitted without objection and without the statement of the particular purpose for which they were admitted. If such declarations introduced in evidence were admissible for only a limited purpose, counsel for the movant should have objected at the time they were admitted, or should have then insisted that the evidence was admissible only for a limited purpose.

4. As the judgment of the trial court refusing a new trial is reversed upon other grounds, we do not pass upon that ground raising the contention that the verdict is contrary to the evidence and without evidence to support it.

No. 3820. October 11, 1923.

Appeal from probate of will. Before Judge Custer. Grady superior court. May 19, 1923.

The issue in this case was made by caveat filed by Mrs. Abbie Bryant and others to the application by L. M. and H. B. Barrett, the named executors, for the probate of the will of S. B. Barrett. In the will the testator made a bequest of $1,000 to one of his daughters, Mrs. Yawn; he devised 63 acres of land to another daughter, Mrs. Virginia Abbie Bryant; to another daughter, Mrs. Connell, he devised some 130 acres; to a fourth daughter 31 acres; to his son, L. M. Barrett, he devised 125 acres of land; to Howard B. Barrett, another son, 85 acres; to his wife he devised, in fee simple, all of the home place, 178 acres, and the personal property used upon the farm, " live stock, farm implements, wagons, buggies, etc.," but provided that should any of his property devised to his wife be on hand undisposed of by her at her death, then his executors should sell the same at private or public sale and divide the proceeds equally among all of his heirs, share and share alike, " after my wife's debts have been paid and her burial expenses with the marking of her grave with some suitable tomb or stone appropriate with her life on this earth." In the seventh item of the will his sons, L. M. and H. B. Barrett, are named as executors. The caveat contained several grounds, among them, that the testator at the time of executing the will was not of sound and disposing mind and memory; that he did not execute the same freely and voluntarily, but was moved thereto by undue influence exercised over him by L. M. Barrett and his wife; that the testator was moved to execute the will by importunities of the legatees named in the will, and to obtain quiet and repose from their importunities; and that he was, at the time of making the will, addicted to the use of opiates and was under the influence of such,

due to his physical condition, and not in his right mind at the time of making the will and for some months before and after making the same. In the caveat it is also alleged that the testator, while in his right mind, always expressed his desire to have his estate equally divided between his children; that a large part of the estate consisted of money and other personalty, which was not disposed of in the will, it being a part of the scheme of L. M. Barrett and his wife to secure the will disposing of the realty so as to obtain the most valuable for himself, and to secure the possession of the money and other personalty and use the same without accounting therefor, thereby securing unto L. M. Barrett more than half of the entire estate; that the instrument offered for probate was never declared to be the last will and testament of S. B. Barrett, and was not to be effective until he disposed of his personal property, which he never did; that S. B. Barrett at the time he executed the will, and for some time prior thereto, had been suffering from cancer of the stomach, which caused him to suffer intense pains, from which he died within a few days after having executed the will; and owing to the said affliction and his advanced age, the testator was rendered unfit to dispose of his property; that he was continually taking drugs for the purpose of allaying his pains, and during his last illness, for three weeks before his alleged will was executed, L. M. Barrett and his wife continually importuned testator to make a will whereby the most valuable part of the estate would be left to L. M. Barrett; and they succeeded in having him make an unreasonable disposition of his property.

The jury trying the case returned a verdict in favor of the caveators; and the propounders made a motion for new trial, which was overruled.

*R. R. Terrell,* for plaintiffs.

*J. A. Pope* and *S. P. Cain,* for defendants.

BECK, P. J. (After stating the foregoing facts.)

1. Exception is taken to the following charge of the court: "He may bequeath his entire estate to strangers, to the exclusion of his wife and children, but in such case the will should be closely scrutinized and upon the slightest evidence of aberration of intellect or collusion, or fraud, or any undue influence or unfair dealings, probate should be refused." This was excepted to upon

the ground that the portion of the statute quoted has application where the testator bequeaths his estate to strangers, while in the will under consideration the bequests and devises were to his wife and children; that it placed a burden upon the plaintiffs greater than that placed upon them by the law. This charge was error. The testator did not leave his property to strangers, but to his wife and children. And there was evidence introduced to show that the value of the bequests to some of the legatees and devisees was greater than that bequeathed to others. In the case of *Credille* v. *Credille*, 123 *Ga.* 673 (51 S. E. 628, 107 Am. S. R. 157), a question very similar to that here raised was decided. In that case it was said by Chief Justice Fish, who rendered the opinion of the court: " One ground of the motion for a new trial alleges that the court erred in giving this instruction, the assignment of error being that the facts of the case did not authorize it, and that it tended to prejudice the case of the propounders in the minds of the jury. We think a new trial should have been granted upon this ground of the motion. The testator did not leave his property to strangers, but to his son, Florence, and his wife and children; and the strict rule, that upon the slightest evidence of aberration of intellect, or collusion, or fraud, or any undue influence or unfair dealing, probate of the will should be refused, which is applicable to cases in which a testator leaves his property to strangers, to the exclusion of his wife and children, should not have been given in charge. The contention that if there were error, it was harmless, as the evidence showed that the testator did not leave his property to strangers, and therefore the jury would understand that this rule or principle was not applicable to the case before them, is in conflict with the decision of this court in *Wetter* v. *Habersham*, 60 *Ga.* 193."

2. Another ground of the motion for new trial contains an exception to the charge of the court on the ground that the court charged the provisions of law contained in sections 3834, 3841, and 3842 of the Civil Code; and the three sections which the court read to the jury as part of his instructions are as follows: § 3834. " The very nature of a will requires that it should be freely and voluntarily executed; hence, anything which destroys this freedom of volition invalidates a will; such as fraudulent practices upon testator's fears, affections, or sympathies, duress or any undue in-

fluence, whereby the will of another is substituted for the wishes of the testator." § 3841. "Eccentricity of habit or thought does not deprive a person of power of making a testament; old age, and the weakness of intellect resulting therefrom, does not, of itself, constitute incapacity. If that weakness amounts to imbecility, the testamentary capacity is gone. In cases of doubt as to the extent of this weakness, the reasonable or unreasonable disposition of his estate should have much weight in the decision of the question." § 3842. "An incapacity to contract may coexist with a capacity to make a will; the amount of intellect necessary to constitute testamentary capacity is that which is necessary to enable the party to have a decided and rational desire as to the disposition of his property. His desire must be decided, in distinction from the wavering, vacillating fancies of a distempered intellect. It must be rational, in distinction from the ravings of a madman, the silly pratings of an idiot, the childish whims of imbecility, or the excited vagaries of a drunkard." If there was any evidence to show that the testator was mentally incapable of making a will, or that it was not freely and voluntarily executed, or that there were any fraudulent practices upon the testator's fears, affections, etc., then it was not error to give those three sections in charge. They are not excepted to upon the ground that there was no evidence to authorize the charge. The grounds of the caveat allege testamentary incapacity and the exercise of undue influence by certain of the legatees.

The other excerpts from the charge excepted to are not erroneous for any reason assigned.

4. Other grounds of the motion for new trial, in varying forms, raise the contention that the verdict in the case is without evidence to support it and is strongly and decidedly against the weight of evidence. These grounds are not passed upon, as the judgment of the court below refusing a new trial is reversed upon other grounds of the motion and the case remanded for another hearing.

*Judgment reversed. All the Justices concur.*