# MORTGAGE BOND AND TRUST COMPANY *v.* COLONIAL HILL COMPANY *et al.*

No. 9064. July 15, 1932.

*Jones, Evins, Powers & Jones* and *Ralph Williams,* for plaintiff.

*Don K. Johnston* and *Etheridge, Peck & Etheridge,* for defendants.

Gilbert, J. In the trial court this case was referred to an auditor. Both parties filed exceptions to the findings of the auditor. The decree of the court contained the following: "After consideration of the entire record in the case and oral and written argument of counsel, it is ordered, adjudged, and decreed that all exceptions of law and of fact to the auditor's report be and the same are hereby disapproved and overruled, and the findings of the auditor, as herein supplemented, are hereby made the judgment of the court." On writ of error sued out by Colonial Hill Company and other defendants the judgment of the trial court was reversed. 174 *Ga.* 204 (162 S. E. 531). No exception was taken by Mortgage Bond

& Trust Company. When the remittitur from this court had "been entered and made the judgment of" the trial court, final decree was entered in favor of the defendants and against plaintiff, Mortgage Bond & Trust Company, in accordance with the ruling of this court. Thereupon Mortgage Bond & Trust Company moved in the trial court to set the decree aside and to have its exceptions to the findings of the auditor called up and determined. This motion recites that "in the main the findings of fact and of law of the auditor" were in favor of Mortgage Bond & Trust Company, "and under those findings . . it was entitled to a judgment and decree in its behalf; consequently there was no reason or necessity for its calling up for hearing" the exceptions filed by it to the report of the auditor "so long as said findings of the auditor remained undisputed." On the motion to vacate the final decree and to have the exceptions of Mortgage Bond & Trust Company to the report of the auditor considered, the trial court entered the following order: "The exceptions filed by the defendant to the report and findings of the auditor in the above-stated case having been argued orally and by written briefs by counsel for both the plaintiff and the defendant, without any reference by the plaintiff to its exceptions to the report and findings of the auditor; and the judgment and decree of the court on defendant's exceptions having been reversed by the Supreme Court, and a judgment and decree having been entered in accordance with the judgment of the Supreme Court, it is ordered and adjudged that the plaintiff's motion to set aside said judgment and decree, and pass upon its exceptions to the auditor's report and findings, now urged for the first time, is too late, and that the plaintiff should be held to have waived its said exceptions. Therefore said motion is denied." Mortgage Bond & Trust Company assigns error on the refusal of the court to vacate the decree and to consider its exceptions to the report of the auditor.

■ The original judgment recited that "all exceptions of law and fact to the auditor's report" were disapproved and overruled, and the findings of the auditor were made the judgment of the court. There is nothing vague, uncertain, or ambiguous in the language used. "A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered." Civil Code

(1910), § 4336. The present proceeding can not come within the provisions of § 4337, which is as follows: "Parol evidence is admissible to show that a matter apparently covered by the judgment was really not passed upon by the court." It has been held a number of times that where the record shows that it is uncertain whether the same matters have been litigated in the former action or whether the judgment rendered is conclusive upon present issues, parol evidence is admissible. See *Irvin* v. *Spratlin*, 127 *Ga.* 240 (55 S. E. 1037, 9 Ann. Cas. 341). In this case the judgment itself leaves no doubt as to what was decided. It leaves no room for explanation by parol evidence. The language is explicit. It recites that "all exceptions of law and fact to the auditor's report" are disapproved and overruled. Therefore the principle ruled in *Evans* v. *Birge*, 11 *Ga.* 265, is applicable: "A fact which has been directly tried and decided by a court of competent jurisdiction can not be contested again between the same parties or their privies in the same or any other court. A judgment of a court of law, or a decree in chancery, is an estoppel to the parties thereto and their privies, if it relates to the same subject-matter, and decides the question now in issue." The headnote from which this quotation is taken also states the other side of the proposition: "But if that question came collaterally before the court and was only incidentally considered, the judgment or decree has no estoppel. Whether the question now in issue was embraced in the judgment or decree can not be ascertained by inference, or by arguing from the judgment or decree." See, on this subject, *Kennedy* v. *McCarty*, 73 *Ga.* 346. There is no effort to amend the judgment. It is not insisted that there is anything in the present proceeding which would amount to an amendment or an offer to amend. It is merely insisted that the language of the last order, also included in the statement of facts, with the exception to which we are now dealing, shows that the exceptions of law and fact filed by the plaintiff, Mortgage Bond & Trust Company, were not considered and passed upon by the court, but that only the exceptions of law and fact filed by the defendant were considered and included in the judgment of the court. It is not within the power of the judge in this way to change the meaning of the judgment already rendered and which had become final. To hold otherwise would be to render insecure judgments which are certain and unambiguous in their terms. For this reason the court did not err in

refusing to set aside the judgment rendered on receipt of the remittitur from this court, for the purpose of taking up and passing upon exceptions of law and fact filed by the plaintiff, and which were of file at the time the former judgment was rendered overruling and disapproving all exceptions of law and fact. However, if it could be held that the former judgment was not conclusive, this court would be bound to affirm the judgment of the trial court on the reason stated in the last judgment, that is, that the motion comes too late. It is a familiar principle that courts will not decide cases by piecemeal. When the judgment of the trial court disapproving all questions of law and fact after consideration of the entire record in the case was rendered, the exceptions of the plaintiff were of file, and plaintiff had the opportunity and should have insisted upon a ruling directly on its exceptions if the court was not so ruling. *Erwin* v. *Brooke,* 149 *Ga.* 434 (100 S. E. 439). When it stood by and permitted the court to render a judgment, the language of which was certain in its terms, and which must necessarily be considered as a ruling on plaintiff's exceptions, it must be held that it waived its right to insist upon those exceptions. To rule otherwise would be to prolong litigation and to permit cases to be dealt with by piecemeal. For both reasons we hold that the judgment of the trial court is not erroneous.

■ The second headnote does not require elaboration.

*Judgment affirmed. All the Justices concur.*