JACKSON *v.* BATES.

No. 9840. APRIL 11, 1934.

724

*Clarence E. Adams* and *John B. Gamble,* for plaintiff.

*R. Howard Gordon* and *Erwin, Erwin & Nix,* for defendant.

BELL, J.   An execution in favor of Miss Ruth Jackson and against William B. Bates was levied on a tract of land to which Mrs. Bates, the wife of the defendant in execution, filed a claim. On the trial the jury found a verdict in favor of the claimant. The plaintiff in fi. fa. made a motion for a new trial, which the court overruled, and she excepted. The motion contained the general grounds, and a number of special grounds were added by amendment, each relating to the charge of the court to the jury.

The execution was issued by the clerk of the superior court of Madison County on September 10, 1931, and was based upon a judgment dated September 7. The land in question was situated in the same county, and the claim of Mrs. Bates was founded upon a deed executed to her by her father, W. P. Williams, on November 13, 1931. It appeared from the evidence that this deed was executed in consideration of the sum of $1000, and that this amount was paid by the defendant in fi. fa. The claimant contended that the consideration was furnished by herself, and was not the money of her husband. The plaintiff contended, among other things, that the consideration was paid by the husband, the defendant in fi. fa. out of funds belonging to himself, and that he caused the deed to be made to his wife in an effort to defraud the plaintiff in fi. fa. Under the evidence a verdict in favor of the plaintiff in fi. fa. would have been authorized.

In one ground of the motion for a new trial the movant assigned error on the following charge to the jury: "All property of the wife at the time of her marriage, whether real, personal, or choses in action, shall be and remain the separate property of the wife, and all property given to, inherited, or acquired by the wife during coverture shall vest in and belong to the wife, and shall not be liable to the payment of any debt, default, or contract of the husband. The wife is a feme sole as to her separate estate, unless controlled by the settlement. Every restriction upon her power in it must be complied with; but while the wife may contract, she can not bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband, and by any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void." It was complained that the

statement that all property given to or acquired by the wife during coverture shall vest in and belong to the wife and shall not be liable for the payment of any debt or obligation of the husband was inapplicable to the facts of the case, and was prejudicial and "exceedingly hurtful." We agree with the contention of the plaintiff in error that the charge here referred to was impertinent and should not have been given. We are also of the opinion that the charge was prejudicial. It is true that the separate estate of a wife is not liable for the debts of her husband, but this was not a matter for consideration by the jury. The issue for determination was whether the land in dispute was in fact the property of the wife or was the property of the husband, and in their endeavor to settle this question the jury could very easily have been confused by the instruction complained of. They might have reasoned that this property was "acquired" by the claimant during coverture, and was therefore not subject to the execution against her husband. An impertinent charge does not always require a new trial, but is ground therefor where it appears from the whole record that the charge was probably harmful to the complaining party. Under this rule, a reversal must result in the present case. *Barrett* v. *Bryant,* 156 *Ga.* 614 (119 S. E. 599) ; *Kirkland* v. *Brewton,* 32 *Ga. App.* 128 (2) .(122 S. E. 814), and cit.

There was some evidence that a part of the consideration was derived from compensation paid by the Federal Government to the defendant in fi. fa. as a veteran of the World War; and in view of this evidence, the court instructed the jury that property purchased with such money "would not be subject to levy and sale for taxes or any other debt." This and other instructions to the same effect were assigned as error upon various grounds. It may be true that these instructions were not subject to exception on the particular grounds taken. Since a new trial must be ordered upon another ground, we will not pass directly upon these exceptions, but will merely advert to the recent decision of the United States Supreme Court in the case of *Trotter* v. *Tennessee,* 290 U. S. 354 (54 Sup. Ct. 138, 78 L. ed. 128), wherein it was held that the exemptions provided by the World War veterans act do not extend "to permanent investments, or the fruits of business enterprises." A different view had been taken by this court in several cases, including *City of Atlanta* v. *Stokes,* 175 *Ga.* 201 (165 S. E. 270) ; and the judge

was doubtless prompted by these decisions to give the charges referred to. The decision by the Federal Supreme Court in the Trotter case was not rendered until several months after the judge had refused the motion for a new trial in the instant case.

There was no merit in other special grounds of the motion for a new trial. In at least one of them a complete, accurate, and pertinent instruction was excepted to because the court did not charge something else in immediate connection therewith; and this, of course, was not a valid assignment of error. In still other grounds, the assignments of error were so vague and indefinite as to raise no question for decision. In refusing to order a new trial on these additional grounds, we should not be understood as adjudicating anything as to the correctness or applicability of any portion of the court's charge, except as herein expressly indicated. It should be stated also that since the judgment is reversed for another reason, we do not rule upon the sufficiency of the evidence to sustain the verdict.　　　　*Judgment reversed.　All of the Justices concur.*