MOZLEY *v.* CITY OF MARIETTA.

BELL, Justice. 1. Where nothing to the contrary appears, the owner of a lot abutting on a public street is presumed to be the owner of the fee as to the half of the street which is contiguous to his land. *Silvey* v. *McCool,* 86 *Ga.* 1 (12 S. E. 175). 4 R. C. L. 78, § 7.

2. "Where the fee to half of the street is vested in an abutting landowner, subject to the easement in the city for public uses, trees upon the margin or near the sidewalk next to the abutter are his property, although it is within the power of the city to remove the trees in case of public necessity or convenience." *Long* v. *Faulkner,* 151 *Ga.* 837 (3) (108 S. E. 370); *City of Atlanta* v. *Holliday,* 96 *Ga.* 546 (23 S. E. 509).

3. An owner of realty abutting a public street sued the municipality to enjoin removal of trees standing between the sidewalk and that portion of the ground devoted to vehicular traffic. Under the principles stated above, it appeared without dispute that the plaintiff was the owner of the fee, and the only issues were whether the public had acquired an easement for street purposes, and, if so, whether removal of the trees as for the public convenience would constitute an abuse of discretion on the part of the city authorities. In the circumstances, the court erred against the plaintiff in charging the jury that if "the fee, that is the title and ownership of the land occupied by said trees is in the [municipality], then the control of said street and the said trees is absolute in the city authorities, and they may order the removal of said trees at their will, whether or not any necessity whatsoever exists for the removal of the same." This charge was not warranted by any evidence, and was calculated to mislead and confuse the jury, whose verdict was in favor of the defendant. *Central Georgia Power Co.* v. *Cornwell,* 139 *Ga.* 1 (2 a) (76 S. E. 387, Ann. Cas. 1914A, 880); *Barrett* v. *Bryant,* 156 *Ga.* 614 (119 S. E. 599); *Kirkland* v. *Brewton,* 32 *Ga. App.* 128 (2) (122 S. E. 814). Accordingly, the court erred in refusing to grant the plaintiff's motion for a new trial.

4. Although the answer of the city alleged an easement by dedication only, and did not claim prescription, there was some evidence to show the acquirement of an easement by the latter method; and the evidence having been admitted without objection, the court did not err in charging the jury upon such issue. *Tietjen* v. *Dobson,* 170 *Ga.* 123 (152 S. E. 222, 69 A. L. R. 1408); *Shirley* v. *Morgan,* 170 *Ga.* 324 (152 S. E. 831). The charge on dedication was also authorized. *Penick* v. *Morgan County,* 131 *Ga.* 385 (2) (62 S. E. 300).

5. Certain grounds of the motion refer to matters which are not likely to occur upon another trial, and need not be considered. Otherwise, and except as indicated in paragraph 3 above, no substantial error is shown by the record. *Judgment reversed. All the Justices concur.*

No. 10569. MAY 15, 1935.

*George D. Anderson, H. B. Moss,* and *Thomas E. Latimer,* for plaintiff.

*Blair & Gardner,* for defendant.