CITY OF MARIETTA *v.* MOZLEY.

No. 11637. FEBRUARY 13, 1937.

*Blair & Gardner,* for plaintiff in error.
*J. E. Mozley,* contra.

RUSSELL, Chief Justice. On November 15, 1921, J. E. Mozley filed his petition in which he sought to enjoin the City of Marietta, its officers and employees, from cutting down and removing certain shade-trees in front of his residence on Church Street in that city. He alleged that the city had agreed, in improving this

street, not to cut down said trees, but to box them in and pave the sidewalk around them; that it was not necessary, in order to improve the street and the sidewalk in front of his house, to cut down these trees; and that they are valuable to his premises as a home, furnishing shade and ornament. The city denied the plaintiff's right to an injunction, and set up that it was necessary to cut down these trees in order to improve the street and sidewalk in front of the plaintiff's home; that any agreement to box them and pave around them was made without authority, and was not enforceable; that the trees constitute an obstruction to the improvement of this street and sidewalk; that the plaintiff has other suitable trees in his yard for shade; that the removal is essential to make such improvement and to make the street and sidewalk safe for traffic; and that this can not be done without removing these trees. On November 18, 1921, the plaintiff amended his petition, alleging that he owns the strip of land on which these trees are located (setting up therein an abstract of his title); that he and his predecessors in title have been in open, peaceable, and notorious adverse possession of said strip of land since November 12, 1846; that he has been in the actual, open, peaceable, and notorious possession thereof himself for the past eighteen years and is still in possession except for the trespasses committed by defendant within the last few weeks; that if the defendant is permitted to cut these trees his damage will be irreparable, that he does not seek pecuniary damages, but desires the trees for shade and they are valuable for that purpose, and his residence will be ruined for home use by the removal of the trees, and his property is not suitable for business uses; that there is no necessity for encroaching upon this strip of land (alleging certain facts which he claims show that the defendant has and can obtain sufficient land along this street for the improvement); and that the defendant has already cut ditches into this strip, and he asks that it be restrained from further trespassing thereon.

This case came on for trial, and the jury rendered a verdict in favor of the city. On July 19, 1921, a judgment and decree were entered accordingly, denying the injunction as prayed for. What happened subsequently regarding this verdict and decree does not appear from the record. But on July 19, 1934, the city amended its answer and alleged that the strip of land in question had been

used and tended by the city in all respects as a street, except passage over the particular land occupied by the trunks of the trees, and that the rights of the city thereto have for many years been recognized by the plaintiff and others who previously owned the property, they having consented to the control thereof by the city and the tending of the trees by trimming them, cleaning trash from the strip of land, cleaning out drains, and performing other acts of dominion over the same; and also that whether all of the street occupied by these trees was specifically dedicated by written instrument or whether by invitation and consent of the abutting-property owners to the use of the same for street purposes, on account of the great length of time since this street was opened and the use began there was certainly an implied dedication thereof, said owners having invited the city to use all of the strip and the city having accepted the invitation by taking it over and tending it as above stated. The case was tried, and on July 20, 1934, a verdict was rendered in favor of the defendant, and judgment and decree were entered accordingly. A motion for new trial was overruled, and the plaintiff excepted. That judgment was reversed because of an error in the charge to the jury. *Mozley* v. *Marietta*, 180 *Ga.* 590 (180 S. E. 122). On April 24, 1936, the city again amended its answer and set up that it had been in actual, continuous, uninterrupted, and adverse possession of the street and sidewalk on which stood these trees, for more than twenty years, that through its employees it has raked leaves and tended and exercised dominion over the land immediately adjoining and surrounding the trees for more than twenty years before the filing of this suit, and that the city has the prescriptive right to the use of this ground for street and sidewalk purposes; and that these trees constitute an obstruction, and there is a public necessity and convenience requiring the removal of these trees. The case came on for trial a third time, and resulted in a verdict in favor of plaintiff. A decree was entered, permanently enjoining the city from cutting or otherwise interfering with the trees and the strip of land. The defendant's motion for new trial was overruled, and the case is again in this court for review.

Interest reipublicæ ut sit finis litium. *Bankers Health &c. Ins. Co.* v. *Givvins*, 12 *Ga. App.* 378, 380 (77 S. E. 203). This case, instituted in 1921, has been pending a long time, and has resulted

in three verdicts. The law of the case was fixed by this court in its previous decision (180 *Ga*. 590, supra). This is not a case where the city was undertaking to condemn private property for public purposes, or where there was a question of the adequacy of the compensation paid or offered to be paid therefor. Code, § 88-401. It is a familiar constitutional prohibition that "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid." Code, § 2-301. Where shade-trees, growing on a strip of land between a sidewalk and a street of the municipality, are located on land which is owned by a person in fee simple, the city has no right to cut down or remove such trees without the consent of the owner, there being no public necessity therefor. *City of Atlanta* v. *Holliday*, 96 *Ga*. 546 (23 S. E. 509); *Mozley* v. *Marietta*, supra; *Baldwin* v. *Dawson*, 41 *Ga*. *App*. 90 (151 S. E. 825). The evidence (which we have read and examined carefully) was conflicting on the material issues involved, and tended to support the contentions of both parties. The verdict in favor of the plaintiff was authorized by evidence, and the decree properly made the injunction permanent. *City of Atlanta* v. *Holliday*, supra. This court has considered painstakingly the various assignments of error in the motion for new trial, and it does not appear that any error was committed. The judge did not err in overruling the motion for new trial. *Judgment affirmed. All the Justices concur.*