GOODWIN *v.* BOWEN.

No. 11837. MAY 14, 1937.

*C. A. Christian,* for plaintiff in error. *R. D. Smith,* contra.

HUTCHESON, Justice. An execution in favor of L. E. Bowen (defendant in error), trading as Tifton Buick Company, issued on March 13, 1933, on a judgment rendered March 6, 1933, was levied, on August 19, 1933, on certain growing crops as the property of the defendant in execution, J. L. Turner. A claim was filed by J. L. Turner, a world-war veteran, alleging substantially the following grounds of claim: "in March, 1918, he was drafted in the service of the U. S. Army, . . and served in the infantry of the U. S. Army until August 5, 1919, . . and that the U. S. Government has paid as a pension, by reason of the service [and certain disabilities] as aforesaid, beginning August, 1921, the sum of $95 per month for part of the time, $152 per month a part of

the time, $135 a month a part of the time, $80 per month a part of the time, and $50 per month a part of the time. Deponent says that in addition thereto he drew the sum of $528 from the U. S. Government on his veteran's compensation insurance, generally known as a bonus, and that he purchased the lands upon which the crops levied upon were grown with said pensions aforesaid, and with the bonus as aforesaid, and that every dollar of the purchase-price so paid for the lands was derived from the sources as above set out. That in addition thereto deponent says that he financed the crops so levied upon, by purchasing fertilizer, hiring labor to cultivate and harvest as far as the same is harvested, with money he received as a pension as aforesaid, and that said crops are exempt from the claims of creditors, same being purchased with the proceeds of awards made under parts 2, 3, and 4, of compensation insurance and maintenance and support allowance of the act of Congress (38 U. S. C. A. 17, sec. 454, U. S. Compiled Statutes 1925, 9127½—22)." The judge to whom the case was submitted without the intervention of a jury, after hearing evidence as to the purchase of the land and the financing of the crops, rendered a judgment finding the crops not subject to levy and sale under the execution. Subsequently to the recording of the execution on March 13, 1933 (whether before or after the filing and adjudication of the claim case above does not appear), J. L. Turner conveyed a portion of the land, on which the crops were grown, to P. W. Goodwin. On June 8, 1935, the execution was levied on this land, and on June 20, 1935, Goodwin filed his claim thereto, pleading the judgment in the former claim case as res judicata, and also that the land was exempt from levy and sale as the property of J. L. Turner, for the same reasons as given in the claim filed by Turner as a world-war veteran. Upon the evidence introduced the judge, to whom the case was submitted without the intervention of a jury, found against the plea of "res judicata," and adjudged the property subject. Goodwin excepted.

■ Whether the plea is one of res judicata (Code, § 110-501; *Perry* v. *McLendon,* 62 *Ga.* 598; *Hollinshead* v. *Woodard,* 128 *Ga.* 7, 15, 57 S. E. 79; *Kennedy* v. *McCarthy,* 73 *Ga.* 346; *Loganville Banking Co.* v. *Forrester,* 17 *Ga. App.* 246, 87 S. E. 694), or one of estoppel by judgment (*Worth* v. *Carmichael,* 114 *Ga.* 699, 40 S. E. 797; *Draper* v. *Medlock,* 122 *Ga.* 234, 50 S. E. 113, 69

L. R. A. 483, 2 Ann. Cas. 650; *Callaway* v. *Irvin,* 123 *Ga.* 344, 51 S. E. 477; *Irvin* v. *Sprallin,* 127 *Ga.* 240, 55 S. E. 1037, 9 Ann. Cas. 341; *Johnson* v. *Lovelace,* 61 *Ga.* 62), such a judgment as that pleaded does not affect one to whom the claimant in such prior case conveyed the property in dispute before the claim was filed. *Smith* v. *Coker,* 110 *Ga.* 654 (3) (36 S. E. 107); *Penn Mutual Life Insurance Co.* v. *Troup,* 177 *Ga.* 456 (2) (170 S. E. 359). The present claimant, inasmuch as he claims title to the property levied on by conveyance subsequent to the judgment and recording of the execution, has the burden of showing title superior to the lien of the execution; that is, that the property is not subject. *Coleman & Burden Co.* v. *Rice,* 105 *Ga.* 163, 31 S. E. 424; *Sealy* v. *Beeland,* 183 *Ga.* 709 (189 S. E. 524); *Tippins* v. *Lane,* 184 *Ga.* 331 (191 S. E. 134). The claimant in the present case, as regards his plea of res judicata or estoppel by judgment, fails to carry such burden when he does not show that the judgment pleaded as res judicata or estoppel is effective in his behalf. The evidence not disclosing whether the claimant obtained title to the property levied on before or after the filing of the previous claim case, the court, under the above rulings, did not err in finding against the plea.

■ Under the ruling in Trotter *v.* Tennessee, 290 U. S. 354 (54 Sup. Ct. 138, 78 L. ed. 358), and *Jackson* v. *Bates,* 178 *Ga.* 723, 725 (174 S. E. 352), the court did not err in finding the property subject as against the claim of exemption by reason of its purchase by the defendant in execution with "compensation insurance and maintenance and support allowance," paid to the defendant in execution under the act of Congress referred to in the claim.

■ The world-war veterans act of June 7, 1924, § 22, 43 Stat. 607, 613, c. 320, 38 U. S. C. A. § 454, was amended by the act of August 12, 1935, §§ 3, 5, 49 Stat. 607, 609, c. 510, 38 U. S. C. A. § 454a, which statute as amended exempted compensation insurance and maintenance and support allowances, payable thereunder, from claims of creditors "either before or after receipt by the beneficiary." In Lawrence *v.* Shaw, — U. S. —, — Sup. Ct. —, 81 L. ed. 391, the United States Supreme Court (in suit involving exemption of such funds on deposit in a bank) distinguished the case of Trotter *v.* Tennessee, supra, the distinction

being based upon the difference in the act of 1924, under which the *Trotter* case was decided, and the act of 1935, which exempted the benefits "after" receipt by the beneficiary. In the case now before this court the claimant purchased the property from the veteran, defendant in execution, before the passage of the act of 1935; and whatever might have been the result if the purchase had been made afterwards, the decision in Trotter *v.* Tennessee, and not that in Lawrence *v.* Shaw, is controlling.

> *Judgment affirmed. All the Justices concur.*