KENT *v.* JEFFERSON MORTGAGE COMPANY *et al.*

BELL, Justice. 1. This was a suit to enjoin eviction of the plaintiff under a dispossessory warrant issued against him as a tenant holding over. It was agreed upon the trial that the only issue for determination was whether the relation of landlord and tenant existed between the plaintiff and the defendant company at the time the warrant was issued; it being contended by the plaintiff that the contract on which the relationship depended was procured by fraud and duress on the part of that defendant, which contended that the plaintiff had read and understood the terms of the contract, and that it was executed freely and volun-

tarily by him. On examination of the pleadings and the evidence, *held* that there were issues of fact which should have been submitted to the jury, and therefore that the court erred in directing a verdict in favor of the defendant, and in thereafter overruling the plaintiff's motion for a new trial. *Georgia Cotton Growers Co-operative Association* v. *Smith,* 163 *Ga.* 761 (137 S. E. 233); *Smith* v. *Coker,* 110 *Ga.* 654 (2) (36 S. E. 107); *Whitt* v. *Blount,* 124 *Ga.* 671 (2) (53 S. E. 205). The case differs in material respects from *Lewis* v. *Foy,* 189 *Ga.* 596 (6 S. E. 2d, 788), and *Lee* v. *Loveland,* 43 *Ga. App.* 5 (2) (157 S. E. 707).

2. The evidence did not demand a finding that any payments were made by the plaintiff after discovery of the alleged fraud; and hence the defendant was not entitled, as a matter of law, to a verdict on the theory of waiver or ratification. Contrast *Monk* v. *Holden,* 186 *Ga.* 549 (2) (198 S. E. 697).

*Lowndes Calhoun,* for plaintiff.
*Lyman H. Hilliard* and *Scott Candler,* for defendants.